an eye-witness, and in allowing the filing of a pretrial stipulation after the deadline provided by the local rules. Defendants had previously been granted relief from appellant's excessive discovery requests. He had filed seven sets of interrogatories, requests for production of documents, and requests for admissions. Defendants were required to respond to some of the discovery and granted a protective order as to the remainder.

Discovery matters are entrusted to the district court's sound discretion. *Jerry Parks Equipment Co. v. Southeast Equipment Co. Inc.*, 817 F.2d 340, 342 (5th Cir. 1987). No abuse of discretion has been shown.

■ Finally, appellant insists that it was error for the district court not to appoint counsel to represent him. Counsel will be appointed in civil cases only in exceptional circumstances. *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir.1982). Among the factors considered when deciding whether counsel should be appointed are the complexities of the issues and whether the party is capable of representing himself. *Id.* at 213. The pleadings and briefs demonstrate that the issues in this case are not complex and that appellant was capable of representing himself. No abuse of discretion is shown.

Appeal DISMISSED IN PART and judgment of the district court AFFIRMED.

Bernard Wise, Lorton, Va., pro se.

Dane Smith, Asst. U.S. Atty., Bob Wortham, U.S. Atty., Tyler, Tex., for defendants-appellees.

Before GEE, DAVIS, and JONES, Circuit Judges.

PER CURIAM:

To prevail on this appeal, federal prisoner Bernard Wise must show, among other things, that his alleged mishandling by guards resulted in a significant injury. *Huguet v. Barnett,* 900 F.2d 838, 841 (5th Cir.1990).

Dr. Jerry Stringfellow, who examined Wise at the prison the day after the alleged beating, testified that Wise stated that he had been in a scuffle the night before. The doctor found superficial injuries: bruises on Wise's anterior chest wall and right forearm and a hematoma on the right upper eyelid. Further, the doctor found a normal chest x-ray and a normal urinalysis. The district court found that Wise had failed to state a constitutional claim of unlawful use of excessive force under Rule

**Bernard WISE, Plaintiff-Appellant,**

v.

**Norman CARLSON, et al.,
Defendants-Appellees.**

**No. 89-6060
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 6, 1990.

12(b)(6) because he had not shown a significant injury.

AFFIRMED.

LAW OFFICES OF MOORE & ASSOCI-
ATES, Plaintiff–Appellee,

v.

AETNA INSURANCE CO.,
Defendant–Appellant.

No. 89–1651.

United States Court of Appeals,
Fifth Circuit.

June 6, 1990.