**Keith J. HUDSON, Plaintiff–Appellee,**

**v.**

**Jack McMILLIAN, CSO III, et al., Defendants–Appellants.**

**No. 87–3394**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

July 31, 1990.

S. Dwayne Broussard, J. Marvin Montgomery, Asst. Atty. Gen., Baton Rouge, La., for defendants-appellants.

Keith J. Hudson, Angola, La., pro se.

Before POLITZ, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:

On appeal is a judgment rendered by a magistrate in favor of a prisoner who was physically mistreated by corrections officers.  In light of the standards established by this court's intervening decision in *Huguet v. Barnett*, 900 F.2d 838 (5th Cir. 1990), and progeny, however, we must reverse.

Keith J. Hudson, a Louisiana state prisoner confined to Angola penitentiary invoked 42 U.S.C. § 1983 and sued corrections officers Jack McMillian, Marvin Woods, and Arthur Mezo.  The parties consented to disposition of the case by a magistrate, 28 U.S.C. § 636(c).  The evidence reflects that on October 30, 1983 Hudson

got into an argument with McMillian who punched Hudson in the mouth, eyes, chest, and stomach while Woods held him. The blows cracked Hudson's partial dental plate, split his lower lip and loosened his teeth. He received bruises to his body but no other cuts. Woods kicked Hudson on his backside. Mezo, the supervisor of McMillian and Woods, watched the beating but merely cautioned the officers not to "have too much fun."

Hudson appeared at sick call on October 31 and November 1, 1983 with a dental complaint; his medical record contains no reference to facial bruises or other injuries.

In awarding Hudson a modest judgment the magistrate credited the testimony of Hudson, rejecting that of the officers, and concluded that "defendants Woods and McMillian used force on the plaintiff when there was no need.... the force used resulted in minor bruises and swelling to the plaintiff's face, mouth and lip.... [p]laintiff's injuries from the beating were minor and required no medical attention." Defendants timely appealed.

This court joins the magistrate in deploring the use of unnecessary force in the treatment of prisoners. Hopefully someday this blight on our criminal justice system will be forever removed. However not every use of excessive force rises to a constitutional violation cognizable under 42 U.S.C. § 1983.

In our recent decision in *Huguet v. Barnett* we announced the standard to be applied in excessive force claims made by prisoners under the eighth amendment. We there held that to prevail in such a claim four elements must be proven:

1. a significant injury, which

2. resulted directly and only from the use of force that was clearly excessive to the need, the excessiveness of which was

3. objectively unreasonable, and

4. the action constituted an unnecessary and wanton infliction of pain.

If any one of these elements fails, so too does the plaintiff's claim.

900 F.2d at 841.

In the case at bar no force was required; therefore, the force used was objectively unreasonable. The conduct of McMillian and Woods qualified as clearly excessive and occasioned unnecessary and wanton infliction of pain. Hudson's claim, however, founders on the significant injury prong.

*Huguet* evolved from our en banc decision in *Johnson v. Morel,* 876 F.2d 477 (5th Cir.1989), a fourth amendment excessive-force case. We there held that minor harms do not rise to constitutional proportions. In awarding recovery the magistrate characterized Hudson's injuries as "minor" and noted that they "required no medical attention." The injuries sustained by Hudson are not unlike those at issue in our recent decision in *Wise v. Carlson,* 902 F.2d 417 (5th Cir.1990), which were held not to constitute a significant injury. In *Wise* the inmate sustained bruises to the anterior chest wall and right forearm and a hematoma to his right upper eyelid. The *Wise* case injuries were insufficient to base a section 1983 claim; Hudson's injuries are likewise insufficient.

For these reasons the judgment is REVERSED.