**Thomas Anthony LUCIANO,
Plaintiff–Appellant,**

**v.**

**J. GALINDO, et al., Defendants–
Appellees.**

**No. 90–4854.**

United States Court of Appeals,
Fifth Circuit.

Oct. 15, 1991.

Thomas A. Luciano, pro se.

Sharon Felfe, Asst. Atty. Gen., Dan Morales, Atty. Gen., and David Charles Payne, Asst. Atty. Gen., Crim. Law Enforcement Div., Austin, Tex., for defendants-appellees.

Before CLARK, Chief Judge, and REAVLEY and JONES, Circuit Judges.

CLARK, Chief Judge:

Thomas Anthony Luciano, plaintiff-appellant, a prisoner in the Coffield Unit of the Texas Department of Criminal Justice, Institutional Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983 complaining of an excessive use of force directed at him by Lieutenant J. Galindo and Corrections Officer N. Vernon. The district judge referred the complaint to a magistrate judge under 28 U.S.C. § 636(b)(1) and (3). The magistrate judge conducted an on-site evidentiary hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir.1985). At the hearing, the parties agreed to waive proceedings before a district judge and consented to have the magistrate judge enter final judgment. The magistrate judge dismissed the action as frivolous finding that the injuries established by Luciano were not constitutionally significant under *Huguet v. Barnett*, 900 F.2d 838 (5th Cir. 1990). We vacate and remand for further determinations consistent with this opinion.

The incident in question began when Luciano, then in an administrative segregation cell, threw a cup of water on Lieutenant Galindo. At this point, Galindo handcuffed Luciano and led him from the cell with Officer Vernon following behind Luciano. When the three reached a stairway, Luciano testified that the officers shoved him down the stairs. Luciano also asserted that Lieutenant Galindo followed him to the foot of the stairs and attempted to break his arm, and when he could not, he jumped up and down on Luciano's back. The report of an investigation conducted into the incident which was part of the

*Spears* record shows that Galindo and Vernon asserted that Luciano fell down the stairs after attempting to break away from their custody.

Following the incident, Lieutenant Galindo brought Luciano to the medical department for a "major use of force" physical examination by Dr. Kerry Rasberry, a physician with the Texas Department of Criminal Justice. Luciano's claim of a significant injury is more than a mere conclusory allegation; it is supported by physical evidence, medical records, and the corroborating testimony of credible witnesses. The uncontradicted medical records and Dr. Rasberry's testimony at the *Spears* hearing describe Luciano's injuries as: abrasions on both knees, a one-quarter inch cut behind the left ear with bruises over and behind the left ear, a one-inch laceration on his left forehead which was "oozing blood," abrasions and bruises on his left upper chest and shoulder, bruises on his lower back, bruises at the base of his skull and back of the neck area, and bruises on both hands with abrasions on both wrists.

The magistrate judge concluded:

This Court has examined Luciano's testimony regarding his injuries, as well as those medical records and other testimony which do not contradict Luciano's statements, and has determined that no significant injury was suffered by the plaintiff in any of the incidents he complains of.

Luciano filed a timely notice of appeal.

■ The source of Luciano's constitutional protection in the prison context is the eighth amendment. In order for a prisoner to prevail on a section 1983 civil rights complaint of excessive use of force, the plaintiff must prove four elements: 1) a significant injury, which 2) resulted directly and only from the use of force which was clearly excessive to the need, the excessiveness of which was 3) clearly and objectively unreasonable, and 4) the action constituted an unnecessary and wanton infliction of pain. *Huguet v. Barnett*, 900 F.2d 838, 841 (5th Cir.1990).

In *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), the Su-

preme Court held that federal courts must analyze an excessive use of force claim under either the fourth or eighth amendment, depending upon the status of the claimant, rather than under a "single generic standard." *Id.* at 393–94, 109 S.Ct. at 1870. *Graham* specifically focused upon the reasonableness of the use of force under the fourth amendment. Following *Graham*, the Fifth Circuit applied this fourth amendment analysis to a non-custodial excessive use of force claim in *Johnson v. Morel*, 876 F.2d 477 (5th Cir.1989) (en banc), and analyzed the use of force from the standpoint of an "objective reasonableness" inquiry and whether the injury was "constitutionally significant." *Id.* at 481–82. The *Johnson* court determined that a constitutionally significant injury occurred when a fourth amendment seizure caused permanent scarring of plaintiff's wrists from tight handcuffs and other injuries which forced the plaintiff to miss two weeks of work.

In *Huguet* we applied the fourth amendment excessive force standard established in *Johnson v. Morel* to a prisoner's section 1983 eighth amendment excessive force claims. *See McCord v. Maggio*, 927 F.2d 844, 849 n. 1 (5th Cir.1991) (significant injury test applicable to prison conditions cases). The *Huguet* panel also added a fourth element unique to the eighth amendment which involves the officer's subjective motivation to inflict pain wantonly. "[T]he central inquiry in the Eighth Amendment context ... is whether the particular use of force amounts to the 'unnecessary and wanton infliction of pain.'" *Graham v. Connor*, 490 U.S. at 398 n. 11, 109 S.Ct. at 1872–73 n. 11 (citing *Whitley v. Albers*, 475 U.S. 312, 320–21, 106 S.Ct. 1078, 1084–85, 89 L.Ed.2d 251 (1986)).

Failure of a plaintiff to meet any one of the *Huguet* elements causes his entire claim to fail. Without examining any of the other elements, the magistrate judge dismissed Luciano's claim on the basis that Luciano "suffered bruises, contusions, and minor cuts and scrapes, but there is no injury which can be considered a significant one."

■ A determination of whether force is excessive must take into account the significance of the injury and the force needed in the situation. *Huguet,* 900 F.2d at 841. As the magistrate judge correctly noted, "minor uses of force do not rise to a constitutional level of significance." *See Hines v. Boothe,* 841 F.2d 623, 624 (5th Cir.1988) (defendant's injuries resulting from a guard shoving him against wall were not severe enough to activate § 1983); and *United States v. Bigham,* 812 F.2d 943, 949 (5th Cir.), *reh'g denied,* 816 F.2d 677 (1987) (passing thumps, technical batteries, or angry words are an insufficient basis for a claim of constitutional dimensions). In *Wise v. Carlson,* 902 F.2d 417 (5th Cir. 1990), we held that mere superficial injuries consisting of chest bruises, forearm bruises, and a hematoma on the upper eyelid was not sufficient to establish a significant injury. Similarly, in *Hudson v. McMillian,* 929 F.2d 1014 (5th Cir.1990), *cert. granted,* — U.S. —, 111 S.Ct. 1579, 113 L.Ed.2d 645 (1991), we held that an inmate who suffered a split lower lip, cracked dental plates, loosened teeth, and bruises to his body, but required no other medical attention could not recover under an excessive force section 1983 claim.

In *Adams v. Hansen,* 906 F.2d 192, 193–94 (5th Cir.1990), we held that a guard's actions which allegedly resulted in the serious laceration of two of an inmate's fingers constituted a significant injury. Similarly, in *Williams v. Luna,* 909 F.2d 121, 124 (5th Cir.1990), this court held that an inmate who suffered continuous and residual muscle and nerve control problems after an unprovoked prison attack had alleged a significant injury.

■ Luciano's injuries, while similar in character to those in *Wise* and *Hudson,* are considerably more extensive. Luciano was bruised over the base of his skull, the back of his neck, over and behind the left ear, on both hands, and over the left upper shoulder and upper chest. Luciano also suffered lacerations and cuts which left permanent, albeit small, scars. Although Luciano's injuries were more substantial than those in *Wise* and *Hudson,* the injuries did not require hospitalization or result in permanent disablement. Under the standard enunciated in *Huguet,* however, permanent injury is not a prerequisite to a showing of significant injury necessary to support a section 1983 excessive force claim. Other circuits also have held that a permanent injury is not a prerequisite for a constitutional violation. *See Bennett v. Parker,* 898 F.2d 1530, 1533 (11th Cir.1990); *McHenry v. Chadwick,* 896 F.2d 184, 187 (6th Cir.1990); *Norris v. District of Columbia,* 737 F.2d 1148, 1152 (D.C.Cir.1984).

The failure to allege "lasting harm" is not fatal to an eighth amendment excessive force claim. *Foulds v. Corley,* 833 F.2d 52, 55 (5th Cir.1987). In *Oliver v. Collins,* 914 F.2d 56, 59 (5th Cir.1990), we held that when injuries were intentionally inflicted in an unprovoked attack by prison officials which was "wholly vindictive and punitive," bleeding cuts and swelling could be significant injuries.

■ A requirement that a prisoner show permanent injury causing disablement would clothe prison officials with arbitrary authority to inflict punishment on prisoners at will without due process. A lawful sentence of imprisonment does not comprehend or contemplate the use of unnecessary and excessive force in the treatment of the prisoner. *Hudson v. McMillian,* 929 F.2d at 1015. While not every use of excessive force rises to a constitutional violation cognizable under 42 U.S.C. § 1983, the "significant injury" element does not authorize prison guards and correctional officers to impose excessive force upon prisoners so long as resulting injuries are kept below the "permanent" threshold.

■ It is reasonable to expect that the physical result of a fall down a flight of stairs could be a significant injury. Experiencing such a fall while handcuffed increases the likelihood of this result. The record disclosed that numerous injuries did in fact occur, and allegedly were added to by unwarranted mistreatment at the end of the fall. The inquiry should have been whether Luciano accidentally fell or was deliberately pushed.

■ The district court may dismiss an *in forma pauperis* proceeding under 28 U.S.C. § 1915(d) if the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact. *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir.1989). Under the eighth amendment excessive force standard, the district court erred in holding that Luciano did not suffer a constitutionally significant injury in the circumstances alleged to have occurred. This being so, the district court erred in dismissing the action as frivolous. At least, that court must determine whether Luciano's claims have no basis in law or fact and no chance of ultimate success on the merits or whether the action must proceed to a decision on the merits. We intimate no view on these matters. All we hold is that the complaint was not frivolous as lacking a claim of significant injury.

The order of dismissal is VACATED and the cause is REMANDED for further proceedings.