United States Court of Appeals,

Fifth Circuit.

Nos. 92-5208, 93-4090.

Billy J. HALE, Plaintiff-Appellee,

v.

Carl TOWNLEY, et al., Defendants-Appellants.

Billy J. HALE, Plaintiff-Appellant,

v.

Carl TOWNLEY, et al., Defendants-Appellees.

May 3, 1994.

Appeals from the United States District Court for the Western District of Louisiana.

Before REAVLEY and DAVIS, Circuit Judges, and ROSENTHAL,[*] District Judge.

ROSENTHAL, District Judge:

Billy J. Hale, plaintiff below, sued fifteen law enforcement officers under 42 U.S.C. § 1983,

alleging conspiracy to retaliate for Hale's exercise of his right of access to the courts; unconstitutional

search and seizure; and the use of excessive force during search and arrest. Each defendant filed a

motion for summary judgment based on qualified immunity. The district court granted the motions

for summary judgment for ten of the defendants and dismissed Hale's claims against them. Hale

appeals from the summary dismissal of three of those ten defendants. The district court denied the

motions for summary judgment as to five of the defendants, who have filed interlocutory appeals

based on the qualified immunity defense.

For the reasons set out below, this court affirms the district court in part and reverses in part.

1. Background

In July 1985, Hale was arrested for aggravated kidnapping. The grand jury did not return an

indictment. Hale then filed a 42 U.S.C. § 1983 lawsuit in federal court against the head of operations

of the Sheriff's Department in Caddo Parish, Louisiana and against an FBI agent, alleging that the

[*]District Judge of the Southern District of Texas, sitting by designation.

arrest had been without probable cause. In April 1988, following a trial, the district court entered judgment in favor of Hale against both officials. That judgment was affirmed on appeal. *Hale v. Fish,* 899 F.2d 390 (5th Cir.1990).

Hale alleges that beginning in the summer of 1988, shortly after his successful trial, he was the target of a campaign by law enforcement officers from different agencies to harass him and to implicate him in criminal activity. The allegations as to the events and players are set out in chronological order below.

Hale alleges that the Shreveport City Police Department began investigating the Sandpiper beginning in the summer of 1988. By September 1991, Shreveport police officers had issued thirty citations to Sandpiper employees for obscenity and for violations of Shreveport's drinking ordinance. With one exception, these citations were later dismissed. No other similar establishment was cited for such violations during this period. Defendants Russell Stroud ("Stroud"), E. Keith Fox ("Fox"), Larry Townley ("Larry Townley") and Tom V. Humphrey ("Humphrey") were officers with the Shreveport City Police Department.

Hale also alleges that in November 1989, the Caddo-Bossier Narcotics Task Force ("NTF") began a narcotics investigation into the Sandpiper nightclub, where Hale worked as manager of the club's exotic dancers. Defendants Carl Townley ("Carl Townley"), a deputy with the Caddo Parish Sheriff's Department, and P.M. Plummer ("Plummer"), a deputy with the Bossier Parish Sheriff's Department, were assigned to the NTF.

Hale alleges that the Caddo Parish Sheriff's Department also began investigating and harassing him during this time period. In early 1990, defendant R.M. Fant ("Fant"), a deputy with the Caddo Parish Sheriff's Department assigned to the intelligence division, allegedly requested a former Sandpiper dancer to find an underage female willing to have sex with Hale so that Hale could be arrested.

On April 10, 1990, NTF agents and Shreveport police officers raided the Sandpiper. NTF agents Carl Townley and Plummer participated in this raid. Shreveport police officers issued citations for violations of the municipal drinking ordinance, and the NTF arrested four individuals on narcotics

charges.

Later the same month, Hale's car was stopped by Officer Humphrey of the Shreveport City Police Department, searched, and impounded.

In January 1991, Hale applied for and received an official permit for a private Super Bowl party at the Sandpiper. On January 27, 1991, during the party, Shreveport police officers raided the Sandpiper and cited Hale for allowing gambling on the premises. After the citation was issued, Shreveport police officers Stroud and Fox, accompanied by sheriff's deputy Fant, summoned Hale outside the Sandpiper. Hale alleges that after an exchange of words, Fox beat Hale while searching him for weapons. Hale alleges that Stroud and Fant stood by and laughed, making no effort to stop the illegal force.

Hale alleges that the following day, NTF representative Carl Townley attempted to use an individual to set Hale up to purchase some marijuana, but was unsuccessful.

On March 15, 1991, the Sandpiper was raided by approximately fifteen Shreveport police officers, including Stroud, for license violations. Hale arrived at the club with a video camera and began filming the raid. Hale alleges that after he entered the Sandpiper, several officers, including Stroud, accosted Hale; arrested him; handcuffed him; beat his head against a table inside the bar; forcibly jerked the handcuffs upward behind his back, injuring his hand, wrists, and thumb; and took him outside, where the officers beat his head against the hood of a truck.

Hale alleges that during many of these incidents, various defendants made statements that Hale was the target of these activities because of his prior lawsuit.

On March 27, 1991, Hale filed this section 1983 civil rights action. Hale's complaint alleges that the Sandpiper investigation was a conspiracy to retaliate against Hale for his successful prior lawsuit; that the defendants unconstitutionally searched and seized him; and that excessive force was used against Hale on two occasions.

Each of the defendants filed a motion for summary judgment. The district court dismissed Hale's claims against the following ten defendants: Steve Prator, Tom Humphrey, Kenneth Weaver, Ted Cox, H.A. Lawson, R.W. Vanni, Robert Schaver, Larry Townley, R.E. Scaife, and C.A. Lewis.

The district court denied Carl Townley and Plummer's motions for summary judgment dismissing the retaliation and conspiracy claims; denied Fox's and Stroud's motions for judgment dismissing the excessive force and conspiracy claims; and denied Fant's motion for summary dismissal of all the claims against him. These five defendants appeal the district court's denial of their motions for summary judgment based on qualified immunity.

Hale filed a motion to alter or amend judgment, seeking to reinstate his claims against defendants Larry Townley, Scaife, and Lewis. The district court denied that motion. The district court then entered a final judgment, pursuant to Rule 54(b), regarding the ten officers dismissed with prejudice. Hale now appeals the dismissal of the excessive force claims against Larry Townley, Scaife, and Lewis, and the dismissal of the conspiracy claim against Lewis.

Because this case is on appeal from a summary judgment motion, we review the record *de novo,* examining the evidence in the light most favorable to the nonmovant. *Pfannstiel v. City of Marion,* 918 F.2d 1178, 1183 (5th Cir.1990). Appellants will prevail if they have demonstrated that there were no genuine issues of material fact and that they are entitled to summary judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-49, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); Fed.R.Civ.P. 56(c).

2. Denial of the Officers' Motions for Summary Judgment

The qualified immunity analysis is a familiar one. The first step is to determine whether the plaintiff has alleged the violation of a constitutional right. *Siegert v. Gilley,* 500 U.S. 226, ----, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991); *White v. Taylor,* 959 F.2d 539 (5th Cir.1992). If plaintiff has alleged a constitutional violation, the next step is to decide if the right was clearly established at the time the challenged conduct occurred and whether the defendant's conduct was objectively reasonable. *Brewer v. Wilkinson,* 3 F.3d 816, 820 (5th Cir.1993); *Spann v. Rainey,* 987 F.2d 1110, 1114 (5th Cir.1993).

The denial of summary judgment on the basis of qualified immunity is within the small class of cases subject to interlocutory appeal. *Mitchell v. Forsyth,* 472 U.S. 511, 526-28, 105 S.Ct. 2806, 2816, 86 L.Ed.2d 411 (1985). An appellate court has jurisdiction to review an interlocutory denial

of qualified immunity only to the extent that it "turns on an issue of law." *Id.* Factual allegations are examined to determine whether they would be sufficient, if proven, to establish a violation of clearly established law. *Lampkin v. City of Nacogdoches,* 7 F.3d 430, 431 (5th Cir.1993). If disputed factual issues material to qualified immunity are present, the district court's denial of summary judgment sought on the basis of qualified immunity is not appealable. *Feagley v. Waddill,* 868 F.2d 1437, 1439 (5th Cir.1989); *Geter v. Fortenberry,* 882 F.2d 167, 169 (5th Cir.1989).

### a. The Right of Access to the Courts

This court must first determine whether Hale stated a claim for a constitutional deprivation by defendants Carl Townley, Plummer, Fant, Fox, and Stroud, using currently applicable constitutional standards. *Rankin v. Klevenhagen,* 5 F.3d 103, 108 (5th Cir.1993). Hale alleged that these law enforcement officers retaliated against him for seeking redress to the courts, in violation of the First Amendment. The right of access to courts, free of retaliation, is a right recognized under, and protected by, the First Amendment. *See, e.g., Bounds v. Smith,* 430 U.S. 817, 819-20, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977); *Enplanar, Inc. v. Marsh,* 11 F.3d 1284, 1296 (5th Cir.1994); *Gibbs v. Hopkins,* 10 F.3d 373, 378 (6th Cir.1993); *Goff v. Burton,* 7 F.3d 734, 736 (8th Cir.1993); *ACLU of Maryland v. Wicomico County, Md.,* 999 F.2d 780, 785 (4th Cir.1993). The district court correctly held that, taking Hale's allegations as true, Hale stated a claim for violation of his constitutional right of access to the courts.

The next issue is whether, under the summary judgment evidence, appellants Carl Townley, Plummer, Fant, Fox, and Stroud were entitled to qualified immunity. Qualified immunity shields law enforcement officials from suit under 42 U.S.C. § 1983 if they could have reasonably believed their actions to be lawful, in light of the law "clearly established" at the time of their actions and the information the officers possessed. *Anderson v. Creighton,* 483 U.S. 635, 638, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987); *Brewer,* 3 F.3d at 820. As the Supreme Court has held, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson,* 483 U.S. at 640, 107 S.Ct. at 3039; *see also Gassner v. City of Garland, Texas,* 864 F.2d 394, 397 (5th Cir.1989). However, "[t]his is not to say that an

official action is protected by qualified immunity unless the very action in question has previously been held unlawful ...; but it is to say that in the light of pre-existing law the unlawfulness must be apparent." *Anderson,* 483 U.S. at 640, 107 S.Ct. at 3039 (citations omitted).

A number of courts had held by the summer of 1988, when the alleged retaliatory conduct began, that state officials may not take retaliatory action against an individual designed either to punish him for exercising his constitutional right to seek judicial relief or to chill his exercise of that right in the future. In *Ryland v. Shapiro,* 708 F.2d 967, 971-72 (5th Cir.1983), this court had stated that: "[t]he right of access to the courts is basic to our system of government, and it is well established today that it is one of the fundamental rights protected by the Constitution." *See also Gibbs v. King,* 779 F.2d 1040, 1046 (5th Cir.1986); *Brinkmeyer v. Thrall Indep. School Dist.,* 786 F.2d 1291, 1295 (5th Cir.1986); *Ruiz v. Estelle,* 679 F.2d 1115, 1153 (5th Cir.), *op. amended in part and vacated in part,* 688 F.2d 266 (5th Cir.1982), *cert. denied,* 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983); *Crowder,* 884 F.2d at 813.

Other circuits had also recognized this right at the time of the conduct at issue. *See, e.g., Harrison v. Springdale Water & Sewer Comm'n,* 780 F.2d 1422, 1428 (8th Cir.1986); *Silver v. Cormier,* 529 F.2d 161, 163 (10th Cir.1976) (affirming a section 1983 claim against an agency official who threatened to withhold money owing to plaintiffs if they sued the agency on an unrelated matter, stating that the "right of access to the courts cannot be infringed upon or burdened"); *Melton v. City of Oklahoma City,* 879 F.2d 706, 730 (10th Cir.1989), *cert. denied,* --- U.S. ----, 112 S.Ct. 296, 116 L.Ed.2d 241 (1991) (finding a section 1983 claim for allegations that plaintiff's trial testimony in a previous lawsuit was a motivating factor in his dismissal from a city's police department); *Little v. City of North Miami,* 805 F.2d 962, 968 (11th Cir.1986) (holding that allegations that a city council censured plaintiff because plaintiff represented an adverse party in state litigation stated a section 1983 claim); *Franco v. Kelly,* 854 F.2d 584, 589-90 (2nd Cir.1988) (holding that a prisoner had asserted a claim for denial of the right of access to the courts by claiming that false disciplinary charges were filed in retaliation for his participation in an investigation into the beating of another inmate).

The law enforcement officers argue that the right of access to the courts "can best be described as nebulous," citing *Crowder v. Sinyard,* 884 F.2d 804, 811 (5th Cir.1989), *cert. denied,* 496 U.S. 924, 110 S.Ct. 2617, 110 L.Ed.2d 638 (1990). *Crowder* does not support this position. The plaintiffs in that case alleged that defendants had violated their First Amendment rights by causing or allowing plaintiff's property seized during a search to be physically removed to another state. The plaintiffs did not allege that they were victims of retaliation for exercising their right to access to the courts. Nor did the plaintiffs claim that the defendants had attempted to cover up facts critical to the plaintiffs' lawsuits. The court held that the plaintiffs did not state a constitutional claim. In so doing, the court in *Crowder* recognized that "courts have held that if state officials in some way *retaliate against an individual* for seeking redress through the courts, they have violated that person's right of access to the courts." *Id.* at 813 n. 9 (emphasis added) (citations omitted).

The final step of the qualified immunity analysis is whether the officers' conduct was "objectively reasonable." The law enforcement officers argue that the district court impermissibly examined their subjective motivation for the investigation into Hale, rather than the objective reasonableness of their conduct. Retaliation for the exercise of a constitutional right is actionable, "even if the act, when taken for different reasons, would have been proper." *Buise v. Hudkins,* 584 F.2d 223, 229 (7th Cir.1978), *cert. denied,* 440 U.S. 916, 99 S.Ct. 1234, 59 L.Ed.2d 466 (1979); *see also Soranno's Gasco, Inc. v. Morgan,* 874 F.2d 1310, 1316 (9th Cir.1989); *Franco,* 854 F.2d at 590; *Howland v. Kilquist,* 833 F.2d 639, 644 (7th Cir.1987). The district court was required to determine whether the challenged conduct was done to retaliate for the exercise of a constitutionally protected right.

An examination of the summary judgment record reveals disputed issues of fact material to determining whether the official investigation and conduct were objectively reasonable. Hale alleged and introduced summary judgment evidence that the officers harassed him with unfounded citations, raids, arrests, and attempted "set-ups" that were not objectively reasonable and were undertaken for retaliation. The officers alleged and introduced summary judgment evidence that Hale was legitimately believed to be involved in criminal activity. There are material disputed issues of fact as

to whether the investigation and the tactics used were objectively reasonable. These disputed issues of fact cannot be the basis of an interlocutory appeal.

### b. Excessive Force

(1) Significant Injury: Fox, Stroud, and Fant

Shreveport police officers Fox and Stroud and sheriff's deputy Fant claim that the district court erred in denying their summary judgment motions because Hale did not satisfy the "significant injury" requirement for his excessive force claims. Hale alleged that during the January 27, 1991 raid on the Sandpiper, Stroud summoned Hale outside "to talk." Stroud was accompanied by Fox and Fant. Hale leaned on the bumper of Fox's car. Fox, who was sitting in the car, told Hale to get off the car. Hale backed away from the car and yelled an obscenity at Fox. Fox got out of the car and asked Stroud whether Hale had been searched. Fox then slammed Hale against the car, in front of Stroud and Fant, kicked Hale, rammed his fist into Hale's testicles, and repeatedly tried to smash Hale's head into the car. Hale alleged that he suffered bruises, swollen testicles, and had difficulty in walking and in moving his neck.

Hale's allegations as to the March 15, 1991 incident are that a number of officers, including Stroud, rushed Hale, handcuffed him, twisted his right hand and arm, threw him against a table, beat his head against a table, took him outside, and beat his head against a truck. Hale alleges that his wrists bled, blistered, and were swollen for two weeks, and that his right thumb and wrist were permanently damaged. Hale alleges that Stroud both participated in the use of excessive force and stood by without interfering while other officers beat Hale.

It is well settled that if a law enforcement officer uses excessive force in the course of a search or arrest, the Fourth Amendment guarantee against unreasonable seizure is implicated. *Graham v. Connor,* 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); *Spann v. Rainey,* 987 F.2d 1110, 1115 (5th Cir.1993). The constitutional standard applied by the district court included that the officials' actions caused a "significant injury." *Johnson v. Morel,* 876 F.2d 477 (5th Cir.1989)

(en banc) (per curiam).[1]  This court has stated that the failure to allege a "lasting harm" is not fatal to an excessive force claim.  *Luciano v. Galindo,* 944 F.2d 261, 264 (5th Cir.1991).  Bleeding cuts and swelling have been held legally "significant injuries" when they were intentionally inflicted in an unprovoked and vindictive attack.  *Oliver v. Collins,* 914 F.2d 56, 59 (5th Cir.1990).  Hale's factual allegations, if proven, would be sufficient to state a claim for a legally significant injury.  *Johnson,* 876 F.2d at 480.

The next issue for the qualified immunity analysis is whether an objectively reasonable law enforcement officer would have known that the degree of force used was excessive in relation to the need for action.  In examining the objective reasonableness of the officers' conduct, this court is to apply the standards in effect at the time the conduct took place.  *Rankin,* 5 F.3d at 108;  *Luciano v. Galindo,* 944 F.2d 261, 264-65 (5th Cir.1991).  Under those standards, Hale must show a significant injury which resulted directly and only from the use of force that was clearly excessive to the need, and which was objectively unreasonable.  *Morel,* 876 F.2d at 480.

The summary judgment record shows disputed issues of fact material to whether the officers' conduct was objectively reasonable in light of the surrounding circumstances.  Hale alleged that he did not resist or threaten the officers on January 27, 1991, and that Fox beat Hale without justification.  Hale also presented pleadings and summary judgment evidence that he did not threaten or resist the officers on March 15, 1991, and that he was beaten after he arrived at the raid with a video camera.

The officers presented a much different version of both occurrences.  The officers disputed the lack of provocation;  asserted that the officers reasonably perceived that Hale threatened them;  and disputed the degree of force actually used.  The denial of summary judgment based on these

---

[1]The *Johnson v. Morel* holding that an individual claiming excessive force during search or arrest must show proof of "significant injury" has been "called into doubt" by the holding in *Hudson v. McMillian,* --- U.S. ----, ----, 112 S.Ct. 995, 997, 117 L.Ed.2d 156 (1992), that an excessive force claim arises under the Eighth Amendment without a showing of significant injury. *Mouille v. City of Live Oak, Tex.,* 977 F.2d 924, 929 (5th Cir.1992);  *Knight v. Caldwell,* 970 F.2d 1430, 1432 (5th Cir.1992).  This court need not resolve this issue here because Hale's allegations, if accepted as true, satisfy the stricter standard set out in *Johnson* as well as the *Hudson* standard.  *See, e.g., Spann,* 987 F.2d at 115 n. 7.

disputed material fact issues is not appealable.

(2) Bystander Liability

Caddo Parish deputy sheriff Fant argues that the district court erred in refusing to grant Fant's motion for summary judgment because Fant cannot be liable as a bystander for violations of the Fourth Amendment.

The district court correctly held that an officer who is present at the scene and does not take reasonable measures to protect a suspect from another officer's use of excessive force may be liable under section 1983. *Harris v. Chanclor,* 537 F.2d 203, 205-06 (5th Cir.1976); *Smith v. Dooley,* 591 F.Supp. 1157, 1168 (W.D.La.1984), *aff'd,* 778 F.2d 788 (5th Cir.1985); see also *Gaudreault v. Municipality of Salem, Mass.,* 923 F.2d 203, 205 n. 3 (1st Cir.1990), *cert. denied,* --- U.S. ----, 111 S.Ct. 2266, 114 L.Ed.2d 718 (1991). The fact that Fox and Fant were from different law enforcement agencies does not as a matter of law relieve Fant from liability for a failure to intervene. *Harris v. Chanclor,* 537 F.2d at 205-06.

Viewing the allegations and summary judgment evidence most favorably to Hale, the summary judgment evidence raises a fact issue as to whether Fant had a reasonable opportunity to realize the excessive nature of the force and to intervene to stop it. Hale alleged that during the January 27, 1991 raid, Fant stood by and laughed as Fox slammed Hale against the car; rammed his fist into Hale's testicles; and repeatedly tried to slam Hale's head into the car. Hale also alleged that Stroud and Fant yelled encouragement at Fox. This evidence is sufficient to create a genuine issue of material fact regarding Fant's acquiescence in the alleged use of excessive force. *See, e.g., McQurter v. City of Atlanta, Ga.,* 572 F.Supp. 1401, 1415-16 (N.D.Ga.1983).

c. Conspiracy

Shreveport police officers Fox and Stroud argue that, assuming the truth of Hale's allegations, there is insufficient evidence that they conspired to retaliate against Hale for the exercise of his First Amendment right of access to the courts. To prevail on a section 1983 conspiracy claim, Hale must establish: (1) the existence of a conspiracy involving state action; and (2) a deprivation of Hale's civil rights in furtherance of the conspiracy by a party to the conspiracy. *Pfannstiel v. City*

*of Marion,* 918 F.2d 1178, 1187 (5th Cir.1990).

The district court correctly noted that a conspiracy may be proved by circumstantial evidence. *Mack v. Newton,* 737 F.2d 1343, 1350 (5th Cir.1984). Although circumstantial evidence can be used to prove a conspiracy, the alleged conspirators' actions must, at a minimum, suggest a unity of purpose, common design and understanding, or meeting of the minds in an unlawful arrangement. *American Tobacco Co. v. United States,* 328 U.S. 781, 809-10, 66 S.Ct. 1125, 1139 (1946). The mere presence of a person at the scene of an alleged act in furtherance of the conspiracy or a close association with a coconspirator alone cannot support an inference of conspiracy; however, a conspiracy may be proven by a collocation of different circumstances. *Cf. United States v. Basey,* 816 F.2d 980, 1003 (5th Cir.1987).

Hale's summary judgment evidence that Fox participated in a conspiracy to retaliate for Hale's exercise of his First Amendment rights was limited. Fox was present at the raid on January 27, 1991; that Fox used excessive force in searching Hale on that date; that Fox later admitted that he wanted to "tone [Hale] down" and that he could be in "trouble" for violating Hale's rights during the search.

Hale's only evidence that Fox was a member of the conspiracy to retaliate is the alleged use of excessive force on February 27, 1991. Hale presented *no* evidence that Fox knew of Hale's prior lawsuit or of the other law enforcement activities relating to Hale. In fact, the undisputed summary judgment evidence is that Fox did not even know Hale's name before the January 27, 1991 raid. Taking all Hale's allegations as to Fox as true, Hale has not presented sufficient evidence to avoid summary judgment as to the allegation of conspiracy to violate Hale's First Amendment rights. *See, e.g., Turner v. Upton County, Texas,* 967 F.2d 181, 186 (5th Cir.1992); *Hay v. City of Irving, Texas,* 893 F.2d 796, 799 (5th Cir.1990).

The summary judgment evidence as to Stroud included his involvement in both the January 1991 and March 1991 raids; that he worked with the NTF in its investigation of Hale; that during the January 1991 raid, Stroud summoned Hale outside, where Fox searched and beat Hale; that Stroud beat Hale on September 1, 1991; and that Stroud raised the issue of Hale's prior lawsuit in attempting to influence an informant. Taken as true, Hale's pleadings and summary judgment

evidence are sufficient to satisfy the legal standard for a section 1983 conspiracy as to Stroud. The district court correctly identified disputed issues of material fact as to whether Stroud's conduct was objectively reasonable that cannot be the basis for an interlocutory appeal.

3. Hale's Appeal

Hale appeals from the district court's grant of summary judgment and refusal to alter or amend the judgment dismissing defendants Larry Townley, Scaife, and Lewis. This court affirms the district court.

Hale admits that he presented no evidence to respond to the motion for summary judgment filed by Larry Townley, Scaife, or Lewis to show that they had been involved in the Sandpiper raid on March 15, 1991. Hale argues that there was some evidence in the defendants' summary judgment exhibits that these individuals were involved in that raid. However, a district court does not have the obligation to search the entire record for genuine issues of material fact. *Nissho-Iwai American Corp. v. Kline,* 845 F.2d 1300, 1307 (5th Cir.1988). A nonmoving party must designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324-25, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

This court's review is confined to an examination of the materials before the district court at the time the summary judgment order was entered. *Seneca v. Phillips Petroleum Co.,* 963 F.2d 762, 766 (5th Cir.1992); *Nissho-Iwai,* 845 F.2d at 1307; *Ingalls v. Fruehauf,* 518 F.2d 966, 967 (5th Cir.1975). After reviewing those materials, this court finds that the district court did not err in granting the summary judgment.

This court also finds that the district court did not err in denying Hale's motion to alter or amend the summary judgment granted in favor of Larry Townley, Scaife, and Lewis. A district court has considerable discretion in deciding whether to grant or deny a motion to alter a judgment. *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.,* 6 F.3d 350, 355 (5th Cir.1993). The district court must strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts. *Id.*

If a party seeks to upset a summary judgment on the basis of evidence that was not timely

presented, the district court must balance the following factors: (1) the reasons for the failure to file the evidence in a timely fashion; (2) the importance of the evidence to the moving party's case; (3) whether the evidence was available before the summary judgment decision was made; and (4) the likelihood that the non-moving party will suffer prejudice if the motion to alter is granted. *Lavespere v. Niagara Machine & Tool Works, Inc.,* 910 F.2d 167, 174 (5th Cir.1990), *cert. denied, --- U.S. ----,* 114 S.Ct. 171, 126 L.Ed.2d 131 (1993); *see, e.g. Waltman v. International Paper Co.,* 875 F.2d 468, 473 (5th Cir.1989).

In this case, the district court correctly noted that all the supplemental evidence was available to Hale before the summary judgment motion was decided. Hale's belief that the facts regarding the March 15, 1991 incident were "clear" does not excuse his failure to present those facts to the district court in a timely fashion.

Hale presented supplemental summary judgment evidence as to Larry Townley and Scaife that included statements by individuals that on March 15, 1991, officers used excessive force in arresting Hale. However, most of these witnesses could not identify the officers involved. Hale also presented his own identification of Larry Townley and Scaife as two of the officers involved in using excessive force. Hale's untimely evidence of Lewis's involvement included that Lewis pointed Hale out to another officer and that Lewis admitted that he saw a "scuffle" occurring, but, as the district court noted, was free of evidence that Lewis acted in retaliation for Hale's prior access to the courts.

This additional evidence was clearly available to Hale at the time the motion was filed and no valid reason was presented for its late submission. The evidence was not so critical to Hale's case as to make it an abuse of discretion for the district court to refuse to alter or amend its prior judgment.

The district court did not abuse its discretion by denying the motion to alter the judgment dismissing the excessive force claims against Larry Townley and Scaife and dismissing the excessive force and conspiracy claims against Lewis.

4. Conclusion

This court DISMISSES the appeal of Carl Townley, Plummer, Stroud, Fox, and Fant from the district court's denial of summary judgment based on qualified immunity; REVERSES the district

court's denial of summary judgment as to the claim against Fox for conspiracy to violate Hale's right of access to the courts;  and AFFIRMS the district court's order granting summary judgment dismissing Larry Townley, Scaife, and Lewis.  This case is REMANDED to the district court for further proceedings consistent with this opinion.