NO. 07-07-0070-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 8, 2007



______________________________




FERNANDO GONZALEZ, INDIVIDUALLY, AND D/B/A


GONZALEZ CUSTOM CABINETS, APPELLANT



V.



ORIX FINANCIAL SERVICES, INC. F/K/A


ORIX CREDIT ALLIANCE, INC., APPELLEE




_________________________________



FROM THE 207TH DISTRICT COURT OF COMAL COUNTY;



NO. C-2005-0467-B; HONORABLE JACK ROBISON, JUDGE



_______________________________



Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION


 Pending before this Court is an Amended Motion to Dismiss filed by Appellant,
Fernando Gonzalez, individually, and d/b/a Gonzalez Custom Cabinets. He represents
that he and Appellee, Orix Financial Services, Inc. f/k/a Orix Credit Alliance, Inc., have
settled all matters in controversy. 

 Without passing on the merits of the case, we grant the motion and dismiss the
appeal. See Tex. R. App. P. 42.1(a)(1). Having dismissed the appeal at Appellant's
request, no motion for rehearing will be entertained and our mandate will issue forthwith.

 

 Patrick A. Pirtle

 Justice



etermined that dismissal was warranted
because "Garrett's pleadings fail[ed] to state a cause of action." No other grounds for
dismissal were mentioned. Nor does the appellate record contain evidence of a motion
filed by any defendant that proposed grounds for dismissal.

 We note that in complaining about the defendants named in his petition, Garrett
described incidents where they (as guards or other employees of the Texas prison to which
he was assigned) 1) "slap[ped] [him] on the sides and back of his head and . . . kick[ed] him
on the back of his legs and thighs" and 2) "slammed [him] onto the concrete sidewalk" and
while holding him on the ground "punched [him] in his ribs, back and chest . . . [and]
pressed the left side of [his] head and upper jaw into the concrete . . . ." These assaults,
according to Garrett, were unprovoked and occurred in retaliation for his filing one or more
grievances against prison employees. Furthermore, they purportedly resulted in bruising
of his ribs, back, chest, "severe swelling and abrasion on his upper jaw," severe pain,
headaches, dizziness, nausea and "unsteadiness." The pain, headaches, and dizziness
continued for at least one month before he was taken to a doctor for treatment. These
allegations suffice to state a cause of action founded upon the unlawful use of excessive
force. See Luciano v. Galindo, 944 F.2d 261, 263 (5th Cir. 1991) (specifying the elements
of a claim involving the use of excessive force as 1) a significant injury 2) resulting from the
use of force, 3) which force was not only excessive but also clearly and objectively
unreasonable, and 4) the action constituted an unnecessary and wanton infliction of pain);
see also Hale v. Townley, 45 F.3d 914, 918 (5th Cir. 1995) (stating that bleeding and
swelling have been deemed significant injuries when intentionally inflicted in an unprovoked
and vindictive attack). 

 We further note that Garrett alleged that he was also held in detention for three days
without receiving any food or water. Continuously being denied food and water "presents
a set of facts that may entitle [a prisoner] to relief." Cooper v. Sheriff, Lubbock County, 929
F.2d 1078, 1083 (5th Cir. 1991). So, this allegation also states a cause of action.

 In sum, while some of Garrett's other allegations may not state a cause of action,
we cannot say that he failed to state any cause of action in his live pleading. Because the
trial court held otherwise, it erred, and the error was harmful given that it resulted in the
dismissal of the suit. (2) 

 Accordingly, the judgment is reversed and the cause remanded to the trial court.



 Brian Quinn 

 Chief Justice
1. None of the appellees favored this court with a brief responding to Garrett's point of error.
2. We do not address whether the trial court had any other basis upon which to dismiss the cause. 
None were mentioned by the trial court or any litigant. Nor do we suggest that Garrett should recover upon
his claims. Instead, we simply note that he asserted one or more legally recognized causes of action.