# SUPREME COURT OF THE UNITED STATES

## JAMEY L. WILKINS *v.* OFFICER GADDY

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. 08–10914.   Decided February 22, 2010

PER CURIAM.

In *Hudson* v. *McMillian*, 503 U. S. 1, 4 (1992), this
Court held that "the use of excessive physical force against
a prisoner may constitute cruel and unusual punishment
[even] when the inmate does not suffer serious injury."  In
this case, the District Court dismissed a prisoner's exces-
sive force claim based entirely on its determination that
his injuries were "*de minimis*."  Because the District
Court's approach, affirmed on appeal, is at odds with
*Hudson*'s direction to decide excessive force claims based
on the nature of the force rather than the extent of the
injury, the petition for certiorari is granted, and the judg-
ment is reversed.

I

In March 2008, petitioner Jamey Wilkins, a North
Carolina state prisoner, filed suit in the United States
District Court for the Western District of North Carolina
pursuant to 42 U. S. C. §1983.  Wilkins' *pro se* complaint
alleged that, on June 13, 2007, he was "maliciously and
sadistically" assaulted "[w]ithout any provocation" by a
corrections officer, respondent Gaddy.[1]  App. to Pet. for
Cert. C–4.  According to the complaint, Gaddy, apparently
angered by Wilkins' request for a grievance form,
"snatched [Wilkins] off the ground and slammed him onto
the concrete floor."  *Ibid*.  Gaddy "then proceeded to punch,
kick, knee and choke [Wilkins] until another officer had to

——————

[1] The materials in the record do not disclose Gaddy's full name.

physically remove him from [Wilkins].” *Ibid.* Wilkins further alleged that, “[a]s a result of the excessive force used by [Gaddy], [he] sustained multiple physical injuries including a bruised heel, lower back pain, increased blood pressure, as well as migraine headaches and dizziness” and “psychological trauma and mental anguish including depression, panic attacks and nightmares of the assault.” *Ibid.*

The District Court, on its own motion and without a response from Gaddy, dismissed Wilkins’ complaint for failure to state a claim. Citing Circuit precedent, the court stated that, “[i]n order to state an excessive force claim under the Eighth Amendment, a plaintiff must establish that he received more than a *de minimus [sic]* injury.” No. 3:08–cv–00138 (WD NC, Apr. 16, 2008), pp. 1, 2 (citing *Taylor* v. *McDuffie*, 155 F. 3d 479, 483 (CA4 1998); *Riley* v. *Dorton*, 115 F. 3d 1159, 1166 (CA4 1997) (en banc); footnote omitted). According to the court, Wilkins’ alleged injuries were no more severe than those deemed *de minimis* in the Circuit’s *Taylor* and *Riley* decisions. Indeed, the court noted, Wilkins nowhere asserted that his injuries had required medical attention.

In a motion for reconsideration, Wilkins stated that he was unaware that the failure to allege medical treatment might prejudice his claim. He asserted that he had been prescribed, and continued to take, medication for his headaches and back pain, as well as for depression. And he attached medical records purporting to corroborate his injuries and course of treatment.

Describing reconsideration as “an extraordinary remedy,” the court declined to revisit its previous ruling. No. 3:08–cv–00138 (WD NC, Aug. 25, 2008), p. 1. The medical records, the court observed, indicated that some of Wilkins’ alleged injuries “were pre-existing conditions.” *Id.*, at 3. Wilkins had sought treatment for high blood pressure and mental health issues even before the assault.

The court acknowledged that Wilkins received an X ray after the incident "to examine his 'bruised heel,' " but it "note[d] that bruising is generally considered a *de minimus [sic]* injury." *Id.*, at 4. The court similarly characterized as *de minimis* Wilkins' complaints of back pain and headaches. The court denied Wilkins leave to amend his complaint. In a summary disposition, the Court of Appeals affirmed "for the reasons stated by the district court." No. 08–7881 (CA4, Jan. 23, 2009).

## II

In requiring what amounts to a showing of significant injury in order to state an excessive force claim, the Fourth Circuit has strayed from the clear holding of this Court in *Hudson*. Like Wilkins, the prisoner in *Hudson* filed suit under §1983 alleging that corrections officers had used excessive force in violation of the Eighth Amendment. Evidence indicated that the officers had punched Hudson in the mouth, eyes, chest, and stomach without justification, resulting in "minor bruises and swelling of his face, mouth, and lip" as well as loosened teeth and a cracked partial dental plate. 503 U. S., at 4. A Magistrate Judge entered judgment in Hudson's favor, but the Court of Appeals for the Fifth Circuit reversed, holding that an inmate must prove "a significant injury" in order to state an excessive force claim. *Hudson* v. *McMillian*, 929 F. 2d 1014, 1015 (1990) *(per curiam)*. According to the Court of Appeals, Hudson's injuries, which had not required medical attention, were too "minor" to warrant relief. *Ibid.*

Reversing the Court of Appeals, this Court rejected the notion that "significant injury" is a threshold requirement for stating an excessive force claim. The "core judicial inquiry," we held, was not whether a certain quantum of injury was sustained, but rather "whether force was applied in a good-faith effort to maintain or restore disci-

pline, or maliciously and sadistically to cause harm."  503
U. S., at 7; see also *Whitley* v. *Albers*, 475 U. S. 312, 319–
321 (1986).  "When prison officials maliciously and sadisti-
cally use force to cause harm," the Court recognized, "con-
temporary standards of decency always are violated . . .
whether or not significant injury is evident.  Otherwise,
the Eighth Amendment would permit any physical pun-
ishment, no matter how diabolic or inhuman, inflicting
less than some arbitrary quantity of injury." *Hudson*, 503
U. S., at 9; see also *id*., at 13–14 (Blackmun, J., concurring
in judgment) ("The Court today appropriately puts to rest
a seriously misguided view that pain inflicted by an exces-
sive use of force is actionable under the Eighth Amend-
ment only when coupled with 'significant injury,' *e.g*.,
injury that requires medical attention or leaves perma-
nent marks").

This is not to say that the "absence of serious injury" is
irrelevant to the Eighth Amendment inquiry.  *Id*., at 7.
"[T]he extent of injury suffered by an inmate is one factor
that may suggest 'whether the use of force could plausibly
have been thought necessary' in a particular situation."
*Ibid.* (quoting *Whitley*, 475 U. S., at 321).  The extent of
injury may also provide some indication of the amount of
force applied.  As we stated in *Hudson*, not "every malevo-
lent touch by a prison guard gives rise to a federal cause of
action." 503 U. S., at 9.  "The Eighth Amendment's prohi-
bition of 'cruel and unusual' punishments necessarily
excludes from constitutional recognition *de minimis* uses
of physical force, provided that the use of force is not of a
sort repugnant to the conscience of mankind." *Ibid.* (some
internal quotation marks omitted).  An inmate who com-
plains of a "push or shove" that causes no discernible
injury almost certainly fails to state a valid excessive force
claim.  *Ibid.* (quoting *Johnson* v. *Glick*, 481 F. 2d 1028,
1033 (CA2 1973)).

Injury and force, however, are only imperfectly corre-

lated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury. Accordingly, the Court concluded in *Hudson* that the supposedly "minor" nature of the injuries "provide[d] no basis for dismissal of [Hudson's] §1983 claim" because "the blows directed at Hudson, which caused bruises, swelling, loosened teeth, and a cracked dental plate, are not *de minimis* for Eighth Amendment purposes." 503 U. S., at 10.

The allegations made by Wilkins in this case are quite similar to the facts in *Hudson*, and the District Court's analysis closely resembles the approach *Hudson* disavowed. Wilkins alleged that he was punched, kicked, kneed, choked, and body slammed "maliciously and sadistically" and "[w]ithout any provocation." Dismissing Wilkins' action *sua sponte*, the District Court did not hold that this purported assault, which allegedly left Wilkins with a bruised heel, back pain, and other injuries requiring medical treatment, involved *de minimis* force. Instead, the court concluded that Wilkins had failed to state a claim because "he simply has not alleged that he suffered anything more than de minimus *[sic]* injury." No. 3:08–cv–00138 (WD NC, Apr. 16, 2008), at 2.

In giving decisive weight to the purportedly *de minimis* nature of Wilkins' injuries, the District Court relied on two Fourth Circuit cases. See *Riley*, 115 F. 3d, at 1166–1168; *Taylor*, 155 F. 3d, at 483–485. Those cases, in turn, were based upon the Fourth Circuit's earlier decision in *Norman* v. *Taylor*, 25 F. 3d 1259 (1994) (en banc), which approved the practice of using injury as a proxy for force. According to the Fourth Circuit, *Hudson* "does not foreclose and indeed is consistent with [the] view . . . that, absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force

claim if his injuries are *de minimis*." 25 F. 3d, at 1263.

The Fourth Circuit's strained reading of *Hudson* is not defensible. This Court's decision did not, as the Fourth Circuit would have it, merely serve to lower the injury threshold for excessive force claims from "significant" to "non-*de minimis*"—whatever those ill-defined terms might mean. Instead, the Court aimed to shift the "core judicial inquiry" from the extent of the injury to the nature of the force—specifically, whether it was nontrivial and "was applied . . . maliciously and sadistically to cause harm." 503 U. S., at 7. To conclude, as the District Court did here, that the absence of "some arbitrary quantity of injury" requires automatic dismissal of an excessive force claim improperly bypasses this core inquiry. *Id.*, at 9.[2]

---

[2] Most Circuits to consider the issue have rejected the Fourth Circuit's *de minimis* injury requirement. See, *e.g.*, *Wright* v. *Goord*, 554 F. 3d 255, 269–270 (CA2 2009) ("[O]ur Court has reversed summary dismissals of Eighth Amendment claims of excessive force even where the plaintiff's evidence of injury was slight . . . . [T]he absence of any significant injury to [the plaintiff] does not end the Eighth Amendment inquiry, for our standards of decency are violated even in the absence of such injury if the defendant's use of force was malicious or sadistic"); *Smith* v. *Mensinger*, 293 F. 3d 641, 648–649 (CA3 2002) ("[T]he Eighth Amendment analysis must be driven by the extent of the force and the circumstances in which it is applied; not by the resulting injuries. . . . *[D]e minimis* injuries do not necessarily establish *de minimis force*"); *Oliver* v. *Keller*, 289 F. 3d 623, 628 (CA9 2002) (rejecting the view "that to support an Eighth Amendment excessive force claim a prisoner must have suffered from the excessive force a more than *de minimis* physical injury" (internal quotation marks omitted)); *United States* v. *LaVallee*, 439 F. 3d 670, 687 (CA10 2006) (same).

The Fifth Circuit has sometimes used language indicating agreement with the Fourth Circuit's approach. See, *e.g.*, *Gomez* v. *Chandler*, 163 F. 3d 921, 924 (1999) ("[T]o support an Eighth Amendment excessive force claim a prisoner must have suffered from the excessive force a more than *de minimis* injury"). But see *Brown* v. *Lippard*, 472 F. 3d 384, 386 (2006) ("This Court has never directly held that injuries must reach beyond some arbitrary threshold to satisfy an excessive force claim"). Even in the Fifth Circuit, however, Wilkins likely would have

Per Curiam

In holding that the District Court erred in dismissing Wilkins' complaint based on the supposedly *de minimis* nature of his injuries, we express no view on the underlying merits of his excessive force claim. In order to prevail, Wilkins will ultimately have to prove not only that the assault actually occurred but also that it was carried out "maliciously and sadistically" rather than as part of "a good-faith effort to maintain or restore discipline." *Ibid.* Moreover, even if Wilkins succeeds, the relatively modest nature of his alleged injuries will no doubt limit the damages he may recover.

\*    \*    \*

The petition for certiorari and the motion for leave to proceed *in forma pauperis* are granted. The judgment of the Court of Appeals is reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*

---

survived dismissal for failure to state a claim because that court's precedents have classified the sort of injuries alleged here as non-*de minimis*. See, *e.g.*, *ibid.* (permitting a prisoner's Eighth Amendment excessive force claim to proceed to trial where evidence indicated that the prisoner suffered "one-centimeter abrasions on both his left knee and left shoulder, pain in his right knee, and tenderness around his left thumb," as well as "back problems"); *Gomez*, 163 F. 3d, at 922 (refusing to grant summary judgment on *de minimis* injury grounds where the prisoner alleged "physical pain [and] bodily injuries in the form of cuts, scrapes, [and] contusions to the face, head, and body").

# SUPREME COURT OF THE UNITED STATES

## JAMEY L. WILKINS *v.* OFFICER GADDY

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. 08–10914.  Decided February 22, 2010

JUSTICE THOMAS, with whom Justice Scalia joins, concurring in the judgment.

I agree with the Court that the Fourth Circuit's Eighth Amendment analysis is inconsistent with *Hudson* v. *McMillian*, 503 U. S. 1 (1992).  But I continue to believe that *Hudson* was wrongly decided.  *Erickson* v. *Pardus*, 551 U. S. 89, 95 (2007) (dissenting opinion); *Farmer* v. *Brennan*, 511 U. S. 825, 858 (1994) (opinion concurring in judgment); *Helling* v. *McKinney*, 509 U. S. 25, 37 (1993) (dissenting opinion); *Hudson*, *supra*, at 17 (dissenting opinion).

"At the time the Eighth Amendment was ratified, the word 'punishment' referred to the penalty imposed for the commission of a crime."  *Helling*, *supra*, at 38 (THOMAS, J., dissenting).  The Court adhered to this understanding until 1976, when it declared in *Estelle* v. *Gamble*, 429 U. S. 97, that the Cruel and Unusual Punishments Clause also extends to prison conditions not imposed as part of a criminal sentence.  See generally *Hudson*, *supra*, at 18–20 (THOMAS, J., dissenting); *Farmer*, *supra*, at 861 (THOMAS, J., concurring in judgment).  To limit this abrupt expansion of the Clause, the Court specified that its new interpretation of the Eighth Amendment should not extend to every deprivation a prisoner suffers, but instead should apply "*only* [to] that narrow class of deprivations involving 'serious' injury inflicted by prison officials acting with a culpable state of mind."  *Hudson*, *supra*, at 20 (THOMAS, J., dissenting) (citing *Estelle*, *supra*, at 106); see generally *Wilson* v. *Seiter*, 501 U. S. 294, 298 (1991).

*Hudson*, however, discarded the requirement of serious injury. Building upon *Estelle's* mislaid foundation, the Court concluded that force, rather than injury, is the relevant inquiry, and that a prisoner who alleges excessive force at the hands of prison officials and suffers nothing more than *de minimis* injury can state a claim under the Eighth Amendment. *Hudson* thus turned the Eighth Amendment into "a National Code of Prison Regulation," 503 U. S., at 28 (THOMAS, J., dissenting); *Farmer*, 511 U. S., at 859 (THOMAS, J., concurring in judgment), with "federal judges [acting as] superintendents of prison conditions nationwide," *id.*, at 860. Although neither the Constitution nor our precedents require this result, no party to this case asks us to overrule *Hudson*. Accordingly, I concur in the Court's judgment.