United States Court of Appeals,

Fifth Circuit.

No. 87–3394

Summary Calendar.

Keith J. HUDSON, Plaintiff–Appellee,

v.

Jack McMILLIAN, CSO III, et al., Defendants–Appellants.

June 10, 1992.

Appeal from the United States District Court for the Middle District of Louisiana.

On Remand from the Supreme Court of the United States.

Before POLITZ, Chief Judge, DAVIS and BARKSDALE, Circuit Judges.

POLITZ, Chief Judge:

A magistrate judge awarded damages to Keith J. Hudson, a Louisiana state prisoner confined to Angola penitentiary, in a 42 U.S.C. § 1983 action against three corrections officers. Applying prevailing circuit precedence we reversed, *Hudson v. McMillian,* 929 F.2d 1014 (5th Cir.1990). The Supreme Court granted certiorari, reversed and remanded for our further consideration. *Hudson v. McMillian,* 503 U.S. ——, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). On remand we now affirm.

Background

During the early morning hours of October 30, 1983, Hudson and corrections officer Jack McMillian had an argument. Assisted by corrections officer Marvin Woods, McMillian placed Hudson in full restraints, handcuffs and shackles, and took him to the administrative lockdown unit. During the transfer from the cell to lockdown Woods held Hudson, kicking and striking him from behind, while McMillian struck him in the face, chest, and abdomen. Lieutenant Arthur Mezo, a superior officer, was present during the beating but limited his intervention to telling the officers

"don't have too much fun."  Hudson sustained minor bruises, swelling of his face, and a broken dental plate.

Hudson invoked 42 U.S.C. § 1983 and filed an eighth amendment excessive force claim against the three corrections officers.  The parties consented to trial before a magistrate judge, 28 U.S.C. § 636(c), who found that McMillian and Woods used force when no force was warranted and that Mezo condoned that unnecessary use of force.  Noting that Hudson's injuries were minor and healed without the need for medical services, the trial judge awarded damages in the amount of $800.

Bound by our decision in *Huguet v. Barnett,* 900 F.2d 838 (5th Cir.1990), which was based on our *en banc* opinion in *Johnson v. Morel,* 876 F.2d 477 (5th Cir.1989) (*en banc* ), an eighth amendment excessive force case which held that minor harms do not give constitutional import to injuries, we reversed, holding that even though "[t]he conduct of McMillian and Woods qualified as clearly excessive and occasioned unnecessary and wanton infliction of pain," Hudson's eighth amendment claim failed because he had not sustained a significant injury.  929 F.2d at 1015.  In reversing us the Supreme Court held that "whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  —— U.S. at —— – ——, 112 S.Ct. at 999, 117 L.Ed.2d at 165–166 (citing *Whitley v. Albers,* 475 U.S. 312, 320–321, 106 S.Ct. 1078, 1084–1085, 89 L.Ed.2d 251 (1986)).  The Court further held that a prisoner need not show serious injury in an excessive force claim against prison officers where the force used was unnecessary and wanton.

Analysis

On remand we must determine whether the force used against Hudson was applied maliciously and sadistically for the very purpose of causing harm.  In that review we accept all factual findings of the magistrate judge not found to be clearly erroneous, giving due regard to his assessment of the

credibility of the witnesses.

Several factors are relevant in the inquiry whether unnecessary and wanton infliction of pain was used in violation of a prisoner's eighth amendment right to be free from cruel and unusual punishment. These include:

1. the extent of the injury suffered;

2. the need for the application of force;

3. the relationship between the need and the amount of force used;

4. the threat reasonably perceived by the responsible officials; and

5. any efforts made to temper the severity of a forceful response.

*Hudson,* —— U.S. at ——, 112 S.Ct. at 999, 117 L.Ed.2d at 166.

The magistrate judge found that "Woods and McMillian used force on the plaintiff when there was no need to use any force at all, and that Mezo expressly condoned the use of force." Even though the injuries Hudson suffered were minor, the magistrate judge held that "defendants' conduct can only be seen as motivated by malice" and that the force used by them was "unnecessary and excessive." Finally, Mezo made no effort to prevent the unwarranted use of force or to temper its severity.

We conclude that the factual findings by the magistrate judge are amply supported by the record. In light of the Supreme Court's teachings we now hold that the force used against Hudson was unnecessary and wanton and was applied maliciously and sadistically for the very purpose of causing him harm. As the Supreme Court cogently noted, "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency are always violated." *Hudson,* —— U.S. at ——, 112 S.Ct. at 1000, 117 L.Ed.2d at 167. The judgment of the magistrate judge must be and it is AFFIRMED.