United States Court of Appeals,

Fifth Circuit.

No. 92-3320.

Wanda A. WILLIAMS, et al., Plaintiffs,

v.

FAB-CON, INC., Defendant-Third Party Plaintiff-Appellee,

v.

ALBANY INSURANCE COMPANY, et al., Third Party Defendants,

Daul Insurance Agency, Third Party Defendant-Appellant.

AETNA CASUALTY & SURETY CORPORATION, et al., Plaintiffs,

v.

Tom POPICH, et al., Defendants.

ALBANY INSURANCE COMPANY, Plaintiff,

v.

FAB-CON, INC., Defendant,

Fab-Con, Inc., Third Party Plaintiff-Appellee,

v.

CONSOLIDATED RISK, INC. et al., Third Party Defendants,

Daul Insurance Agency, Third Party Defendant-Appellant.

May 6, 1993.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before DUHÉ and BARKSDALE, Circuit Judges, and HUNTER, District Judge.[1]

DUHÉ, Circuit Judge:

Appellant Daul Insurance Agency (Daul Agency) appeals the district court's verdict that it is liable for failing to procure adequate insurance coverage for work performed by Appellee Fab-Con, Inc. (Fab-Con), and the district court's calculation of damages pursuant to *Leger v. Drilling Well*

---

[1]Senior District Judge of the Western District of Louisiana, sitting by designation.

*Control, Inc.,* 592 F.2d 1246 (5th Cir.1979). We affirm the Daul Agency's liability, however, we vacate the damage award and remand for reconsideration in light of our recent opinion in *McDermott, Inc. v. Clyde Iron, et al.,* 979 F.2d 1068 (5th Cir.1992), *petition for cert. filed,* 61 U.S.L.W. 3653 (U.S. Mar. 12, 1993) (No. 92-1479).

## BACKGROUND

Bobby Giles formed Fab-Con, Inc. in 1987. During the formation, Giles approached Gerald Daul, an insurance agent and Vice President of the Daul Agency, to procure insurance coverage for Fab-Con's operations. Daul worked through an insurance broker named F.G. Special Risk and placed a primary liability policy for Fab-Con with Aetna Casualty and Surety Company (Aetna), and an excess marine employers liability policy with Albany Insurance Company (Albany). At Daul's suggestion, Fab-Con then retained Jay Loetzerich, an insurance consultant operating under the name Consolidated Risk, to answer Fab-Con's questions regarding insurance coverage.

This suit arose from a dispute over insurance coverage for an accident on a job done by Fab-Con for Diamond Barges (Diamond). Diamond hired Fab-Con to build a bulkhead along one side of a navigable waterway by driving pilings from a barge. The original contract did not contemplate the barge crossing the waterway. Before the bulkhead was completed, however, Diamond requested that it be extended beyond the original length, thus requiring Fab-Con employees to traverse the waterway on the barge and pick up extra pilings located on the opposite shore. While a load of pilings was being lifted onto the barge, some fell and injured Robert Williams, a Fab-Con employee working on the barge.

Williams sued Fab-Con and Diamond for damages for his injuries. In turn, Fab-Con filed claims with its primary insurer, Aetna, and its excess liability insurer, Albany. Aetna acknowledged coverage but contended its liability was limited to $25,000 rather than the $100,000 alleged by Fab-Con. Albany denied liability, relying on a policy exclusion that denied coverage for Fab-Con crew members on vessels "owned or operated" by Fab-Con (the owner/operator exclusion).

Fab-Con then filed third-party claims against Aetna and Albany for wrongful denial of coverage. Fab-Con also filed third-party claims against Consolidated Risk, Daul Insurance Agency,

and F.G. Special Risk, Inc. for failure to obtain the proper insurance coverage. After trial commenced, Williams settled his claims against Fab-Con and Diamond. Fab-Con, in turn, settled its third party claims against Aetna, Albany, Consolidated Risk, and F.G. Special Risk, Inc., leaving Fab-Con's third-party action against the Daul Agency as the only remaining trial issue.

The trial court held that the Daul Agency had agreed to procure insurance to cover Fab-Con while performing the Diamond contract, had failed to use reasonable diligence in placing that insurance, and had acted in such a manner as to warrant Fab-Con's assumption that it was properly insured. The court awarded $57,500 t o Fab-Con, plus attorney's fees incurred while defending against Williams.

Daul Agency appeals, alleging (1) the trial court erred in finding that Albany did not erroneously deny coverage to Fab-Con, (2) the trial court erred in finding that the Daul Agency knew Fab-Con needed additional insurance for the Diamond contract, (3) the trial court impermissibly immersed itself in the case so as to become an advocate against the Daul Agency, and (4) alternatively, the trial court should have, when computing the Daul Agency's liability, given the Daul Agency credit for Fab-Con's settlements of its third-party claims.

ANALYSIS

I. *Standard of Review*

We review the district court's findings of fact under the "clearly erroneous" standard, and the conclusions of law *de novo*. *Fiberlok, Inc. v. LMS Enterprises, Inc.,* 976 F.2d 958, 962 (5th Cir.1992); *Howerton v. Designer Homes by Georges, Inc.,* 950 F.2d 281, 283 (5th Cir.1992). Furthermore, in a case such as this, where "factual determination[s are] made by resolving conflicts in the evidence, requiring that essential credibility determinations be made, this Court will defer to the trier of fact." *Wohlman v. Paul Revere Life Ins. Co.,* 980 F.2d 283, 285 (5th Cir.1992).

II. *Daul's Liability*

A. The Albany Policy Coverage

Fab-Con's excess marine employers liability policy with Albany contains the following exclusion (the owner/operator exclusion): "[c]overage provided by this policy shall not apply in

regards to the Assured's liability to masters and members of the crews of any vessel owned or operated by the Assured."

When Fab-Con made demand on Albany, Albany claimed that Williams was a "crew member" and that the barge was a "vessel", and that Fab-Con operated the barge when Williams was injured; Albany then relied on the owner/operator exclusion and denied coverage for Williams's injuries. The district court agreed that Albany was not liable.

The Daul Agency apparently concedes on appeal that Fab-Con operated the barge and that the barge was a "vessel," but contends that the trial court erroneously declared Williams a "crew member." The Daul Agency argues that "crew member" is not defined in the insurance policy, and that the district court should have applied the definition provided by the National Council of Compensation Insurance and approved by the Louisiana Insurance Commissioner.[2] Daul relies upon the following statement in *LeBlanc v. Allstate Ins. Co.,* 194 So.2d 791, 793 (La.App.3d Cir.1967): "[s]ince the Commissioner of Insurance is charged with the administration and approval of such insurance provisions, great weight in the judicial interpretation of such provisions should be given to the construction consistently given it by the Commissioner."

Fab-Con responds that the Supreme Court, in *McDermott Int'l v. Wilander,* 498 U.S. 337, ----, 111 S.Ct. 807, 817, 112 L.Ed.2d 866 (1991), defined crew member as "anyone who performs the work of a vessel." The Court further refined the definition to include one who contributes to the function of the vessel or the accomplishment of its mission. *Id.* at ----, 111 S.Ct. at 817 (citing *Maryland Casualty Co. v. Lawson,* 94 F.2d 190, 192 (5th Cir.1938)). The Louisiana courts have since adopted this definition. *Eg., Theriot v. McDermott, Inc.,* 611 So.2d 129 (La.App. 1 Cir.1992).

In the case before us, the mission of the barge was to pick up pilings from the other side of

---

[2]That insurance industry definition is as follows:

> The endorsement, as now revised, clearly includes employees working in offshore operations not classified as masters or members of a crew of a vessel, when they are adjudged by the courts to be masters or crew members and entitled to remedies under Admiralty Law. The Exclusion of Maritime Liability Endorsement was intended to only exclude per se masters and crew members, not employees adjudicated to be crew members by the court.

the waterway and deliver them for use in the bulkhead. Williams's duties included loading the pilings onto the barge, a duty that clearly contributed to the accomplishment of the barge's mission. Williams was therefore a crew member under *McDermott,* and his injury was not covered by the Albany policy, as the district court properly concluded.[3]

B. Sufficient Evidence Against Daul?

Under Louisiana law, Daul is liable to Fab-Con for failing to obtain adequate insurance if Fab-Con can prove:

(1) an undertaking or agreement by the Daul Agency to procure insurance;

(2) failure of the Daul Agency to use reasonable diligence in attempting to place the insurance and failure to notify Fab-Con promptly if the Daul Agency has failed to obtain the insurance; and

(3) actions by the Daul Agency warranting Fab-Con's assumption that it was properly insured.

*See Offshore Production Contractors, Inc. v. Republic Underwriters Ins. Co.,* 910 F.2d 224 (5th Cir.1990); *Chandler v. Jones,* 532 So.2d 402, 405 (La.App. 3d Cir.1988).

The Daul Agency argues that insufficient evidence exists (1) that anyone at the Daul Agency agreed to obtain additional insurance to cover operations under the Diamond contract, and (2) that Giles, on behalf of Fab-Con, assumed Fab-Con was insured.

The Daul Agency's claim that no-one at the Agency agreed to advise Fab-Con of its insurance needs is contradicted by the district court's Findings of Fact and by the record.

Under Louisiana law, an insurance agent has a fiduciary relationship with the insured, and is liable for his own neglect. *See e.g., Neustadter v. Bridges,* 406 So.2d 738, 741 (La.App. 4th Cir.1981). The district court found, and we agree, that Loetzerich specifically requested the Daul Agency to obtain or confirm Fab-Con's coverage for work anticipated under the Diamond contract. The court found that Loetzerich, spurred on by Giles's concern over Fab-Con's insurance coverage,

---

[3]We note that Albany had another basis for denying coverage aside from the owner/operator exclusion; an express warranty that Fab-Con would not operate a vessel without a separate protection and indemnity policy. Fab-Con had no such policy.

We also note that the Daul Agency argues it is entitled to have its attorney's fees reimbursed by Albany because Albany erred in denying coverage to Fab-Con. Because we find that Albany properly denied coverage, this claim must fail.

called the Daul Agency to pass on information about the bulkhead construction. Loetzerich testified that he relayed the information because he felt that it was important for the underwriters to know exactly what Fab-Con was doing. The court concluded that "[b]ecause the only plausible reason Loetzerich "passed on' information about the [Diamond] job to Daul Insurance Agency was to obtain or confirm insurance coverage, [the court] find[s] that he indeed specifically requested insurance coverage from Daul Insurance Agency for the Diamond Barges' job." Additionally, the court found that a Diamond employee also contacted the Daul Agency and inquired whether Fab-Con's insurance covered situations when Fab-Con operated watercraft. Finally, the court found the Daul Agency employees' testimony that they were unaware of the need for additional insurance lacking in credibility.[4]

Having reviewed the record, and keeping in mind our great deference toward the district court's credibility determinations, we find that the district court did not clearly err in finding that the Daul Agency agreed to procure the disputed insurance coverage.

The Daul Agency next argues that the district court erred in determining that Giles, on behalf of Fab-Con, assumed Fab-Con was insured for the Diamond job. The court reached this conclusion after noting that an employee of the Daul Agency had called F.G. Special Risk and requested an explanation of the Fab-Con policy with Albany. Upon receipt of the explanation from F.G. Special Risk, the Daul Agency employee faxed it to Loetzerich along with a cover sheet that stated "[h]ere is your confirmation on the excess MEL [marine excess liability] coverage." Loetzerich, in turn, sent these documents to Giles. The court concluded that although Giles was aware of the owner/operator exclusion in the Albany policy, the documents he received from the Daul Agency, through Loetzerich, warranted his assumption that Fab-Con was covered. Having reviewed the record, we do not find that the district court clearly erred in reaching this finding.

We therefore affirm the district court's imposition of liability on the Daul Agency for failing to obtain proper insurance coverage for Fab-Con.

---

[4]For instance, the employee at the Daul Agency consistently denied recollection of any communications regarding Fab-Con's Diamond contract, although evidence of these communications was in her files.

III. *Trial Court Conduct*

The Daul Agency argues that the trial judge favored Fab-Con, and contends that this bias is evidenced by his criticism of the Daul Agency's witnesses as well as his extensive questioning of Mr. Daul. Having carefully reviewed the record, (a video tape in this case), we find no evidence of improper conduct by the trial judge.

In reaching this conclusion, we first note that this was a bench trial.[5] We next note that Mr. Daul is the representative of a party to this action, and the court questioned him because his testimony was crucial to determine what the Daul Agency knew about Fab-Con's operations. In our view, the court was concerned that Mr. Daul's answers under cross-examination were evasive, and questioned him in an effort to uncover the complete truth.

IV. *Settlement Credit*

Fab-Con and Diamond settled with Williams for $105,000, of which Fab-Con paid $57,500, and Diamond paid $47,500. The trial court awarded Fab-Con $57,500 plus attorney's fees from the Daul Agency.

Daul argues on appeal, as he argued at trial, that under *Hernandez v. M/V RAJAAN,* 841 F.2d 582 (5th Cir.1988), *cert. denied,* 488 U.S. 981, 109 S.Ct. 530, 102 L.Ed.2d 562 (1988), he is entitled to credit for all settlement amounts received by Fab-Con.[6] *Hernandez* holds that a maritime plaintiff is entitled to receive "a full damage award less any amount he recovered in a settlement with third-party defendants." *Id.* at 591. The Daul Agency argues that the denial of settlement credit in this case allows Fab-Con double-recovery; the full $57,500 from the Daul Agency, plus the money contributed by Albany, Aetna, and F.G. Special Risk.

The trial court, relying on *Leger v. Drilling Well Control, Inc.,* 592 F.2d 1246 (5th Cir.1979), denied the Daul Agency settlement credit on the ground that Fab-Con did not receive double-recovery, because by settling with some of the third-party defendants, Fab-Con had merely

---

[5]This court has recognized a trial judge's obligation to conceal his view upon ultimate issues of fact from a jury. *See Nordmann v. National Hotel Company,* 425 F.2d 1103 (5th Cir.1970).

[6]Fab-Con was partially reimbursed for the $57,500 by Albany, Aetna, and F.G. Special Risk.

"sold" its claims against them.

This court has noted that *Hernandez* and *Leger* are at odds, but our recent opinion in *McDermott, Inc. v. Clyde Iron, et al.,* 979 F.2d 1068, 1079 (5th Cir.1992), *petition for cert. filed,* 61 U.S.L.W. 3653 (U.S. Mar. 12, 1993) (No. 92-1479); clearly holds that the rationale expressed in *Hernandez* is the law of this Circuit. Because t he district court did not have the benefit of our decision in *McDermott,* we vacate the damage award to Fab-Con, and remand for reconsideration by the district court.[7]

## CONCLUSION

For the foregoing reasons, we AFFIRM the Daul Agency's liability to Fab-Con, but VACATE and REMAND the damage award for reconsideration.

---

[7]The Daul Agency also argues that it should receive credit for the premium Fab-Con would have had to pay for the added insurance. The district court denied credit on the basis that no evidence of the premium cost exists in the record. Because we also find no evidence of the premium cost in the record, and because we find this argument based on the assumption that Fab-Con would have undertaken the Diamond contract in spite of the added insurance costs, we agree with the district court that Fab-Con is not entitled to credit for the premium cost.