**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 95-30388
Summary Calendar

_____


JAMES EARL COOLEY,

Petitioner-Appellant,

VERSUS

RICHARD P. IEYOUB, Attorney General,
State of Louisiana, and BURL CAIN,
Acting Warden, Louisiana State Penitentiary,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(92-CV-2234 A)

_____
November 6, 1995
Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[1]

Cooley appeals from the district court's order denying his petition for a writ of habeas corpus. He argues that his guilty plea was induced by a promise, made by both the state trial judge and his court-appointed attorney, that he would be released from prison after service of ten years, six months. The alleged promise was never fulfilled. Appellant filed this federal action in 1992,

_____

[1]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

seven years after the final denial of his state habeas petition and twenty years after entering his plea of guilty to murder.

The district court denied the petition on two grounds. First, it determined the state had demonstrated that the seven year delay had caused it prejudice and was the result of the defendant's failure to act with reasonable diligence. Rule 9(a) of the Rules Governing Section 2254 Cases, therefore, required dismissal of the petition. Second, it concluded that Cooley was not entitled to relief on the merits. When a petitioner alleges that an unkept promise induced him to plead guilty, he must prove: (1) the exact terms of the alleged promise; (2) when, where, and when such a promise was made; and (3) the indentity of an eyewitness to the promise. Smith v. Blackburn, 785 F.2d 545, 548 (5th Cir. 1986) (citing Blackledge v. Allision, 431 U.S. 63, 76 (1977)). By the time of this petition, the state trial judge who had accepted Cooley's plea, his defense counsel, and the prosecutor were all dead. And the transcript of the 1972 hearing had been destroyed. Cooley and his brother, however, testified that the promise had been made and was discussed in open court. The judge's minutes clerk, on the other hand, stated that if the court had said Cooley would be entitled to release after ten years and six months he would have recorded it. No such statement appears in the record. The district court found the clerk's testimony more credible than that of the appellant or his brother and dismissed the petition.

We affirm on the merits rather than on procedural grounds. The state may well have suffered prejudice from Cooley's inordinate

2

delay in filing his federal habeas petition.  The record suggests, however, that the defendant may not have received adequate notice of the state's intent to move for dismissal on Rule 9(a) grounds. See McDonnell v. Estelle, 666 F.2d 246, 253 (5th Cir. 1982).  We therefore decline to affirm on this ground.  However, the district court did not clearly err in finding that appellant failed to carry his burden of proof as to the existence of the alleged promise. This court defers to the district court when factual determinations are based on credibility.  Williams v. Fab-Con, Inc., 990 F.2d 228, 239 (5th Cir. 1993).  We therefore affirm on the merits.  Cooley v. Whitley, No. 92-CV-2234 A (E.D.La. Mar. 31, 1995).

AFFIRMED.