IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 96-40934
Summary Calendar

---

LESLIE RAY FOSTER,

Plaintiff-Appellant,

versus

JAMES A. SHAW, JR., ET AL.,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:93-CV-554
- - - - - - - - - -
March 24, 1998

Before KING, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

Leslie Ray Foster, Texas prisoner #554960, appeals from the judgment in favor of the defendants in his civil rights complaint brought pursuant to 42 U.S.C. § 1983. He argues that: 1) the magistrate judge erred by denying his request for the appointment of counsel; 2) the defendants violated his Eighth Amendment rights by using excessive force; 3) the magistrate judge erred by denying his motion for recusal; and 4) he was entitled to a jury

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

trial.  We have reviewed the record and the briefs of the parties, and we hold that Foster has shown no reversible error.

Foster has not shown exceptional circumstances requiring the appointment of counsel in this civil proceeding.  See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).  He fails to show that the magistrate judge erred in her determination that Foster's excessive-force claim was without merit.  See Hudson v. McMillian, 962 F.2d 522, 523 (5th Cir. 1992).  Because the grounds for recusal Foster asserts are based largely on the magistrate judge's adverse rulings, and because none of the grounds for recusal Foster cites stems from an extra-judicial source, the magistrate judge did not abuse her discretion by denying Foster's motion for recusal.  See Liteky v. United States, 510 U.S. 540, 554-55 (1994).  Finally, because Foster participated in the determination of the issues at his initial bench trial without objecting and reminding the court of his original jury request, he is barred from raising the issue on appeal.  See Matter of Wynn, 889 F.2d 644, 646 (5th Cir. 1989).

AFFIRMED.