IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40403
Summary Calendar
_____

MICHAEL GLENN WILLIAMS,

Plaintiff-Appellant,

versus

ZELLER, Etc.; ET AL.,

Defendants,

ZELLER, Assistant Warden; ANDERSON, Warden; ROBERT GAMBLE,
Doctor; ECKO, Correctional Officer III; PEREZ, Correctional
Officer III; HEARING, Lieutenant; ALBIAR, Sergeant; JASON
CALHOUN, Doctor; WAYNE SCOTT, Director, Texas Department of
Criminal Division, Institutional Division,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-97-CV-192
---------------------
February 1, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:*

    Michael Glenn Williams, Texas prisoner # 696404, appeals the

jury's verdict for the defendants.  Williams complains of the

magistrate judge's denial of his motions for appointment of

counsel.  The magistrate judge did not abuse her discretion in

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

denying appointed counsel. <u>Ulmer v. Chancellor</u>, 691 F.2d 209, 213 (5th Cir. 1982).

Williams argues that he was denied access to courts to prepare his defense due to inability to maintain his legal materials on his unit. The record shows that the magistrate judge ordered the warden to allow Williams to have all materials he needed to prepare for trial and that the warden informed the magistrate judge that all of Williams' property had been returned to him.

Williams argues that the magistrate judge's instructions to the jury were improper and that there was improper jury selection. The jury instruction and jury selection issues relate to the actual conduct of the trial for which a transcript is necessary to review. Williams moved for a trial transcript at government expense in the district court, which the magistrate judge denied, but he did not reurge this motion on appeal after being informed of the necessity of a motion in this court by the Clerk's Office. This court does not consider the merits of the issue when the appellant fails to provide a transcript. <u>Powell v. Estelle</u>, 959 F.2d 22, 26 (5th Cir. 1992).

Williams complains of perjured testimony by several defense witnesses. The jury found that the defendants did not use excessive force and were not deliberately indifferent to his serious medical needs. Williams' arguments are an attempt to challenge the credibility decisions made by the jury. This court will not disturb credibility determinations on appeal. <u>See</u> <u>Williams v. Fab-Con, Inc.</u>, 990 F.2d 228, 230 (5th Cir. 1993).

Williams has made no argument on appeal regarding the magistrate judge's grant of summary judgment as to the other defendants and so has waived any issues relating to the dismissal of those claims.  See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

Williams' appeal is without arguable merit and is frivolous.  Accordingly, the appeal is DISMISSED.  5TH CIR. R. 42.2.  The dismissal of this appeal as frivolous counts as a "strike" for purposes of 28 U.S.C. § 1915(g).  We caution Williams that once he accumulates three strikes, he may not proceed in forma pauperis (IFP) in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; WARNING ISSUED.