IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40371
Conference Calendar
_____

HERMAN PALMER,

Plaintiff-Appellant,

versus

RYAN T. JONES; ET AL.,

Defendants,

RYAN T. JONES,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-98-CV-361
--------------------
December 14, 2000

Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:*

Herman Palmer, Texas prisoner # 537392, appeals the jury's
verdict for the defendant in this 42 U.S.C. § 1983 action.
Palmer argues that he was deprived of the right to cross-examine
all witnesses that were supposed to be called by the defendant;
that the defendant did not have a video camera to be used before
the incident took place on a lockdown building; that the
defendant did threaten him in retaliation because of his
utilization of the grievance process; that he was slammed to a

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

concrete floor and assaulted by Jones in a major use of force; that he was deprived of the ability to have his witnesses testify in court; and that Jones was negligent and violated his constitutional rights by using excessive force.

Palmer's arguments that he was denied his witnesses and the ability to cross-examine the defendant's witnesses relate to the actual conduct of the trial for which a transcript is necessary to review. The transcript of the trial is not part of the current record. This court does not consider the merits of the issue when the appellant fails to provide a transcript. Powell v. Estelle, 959 F.2d 22, 26 (5th Cir. 1992).

Palmer's other "arguments" do not require a transcript. The jury found that the defendant did not use excessive force or retaliate against Palmer. Palmer is attempting to challenge the credibility decisions made by the jury. This court will not disturb the factfinder's credibility determinations on appeal. See Williams v. Fab-Con, Inc., 990 F.2d 228, 230 (5th Cir. 1993); Martin v. Thomas, 973 F.2d 449, 453 n.3 (5th Cir. 1992).

Palmer's appeal is without arguable merit and is frivolous. Accordingly, the appeal is DISMISSED. 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a "strike" for purposes of 28 U.S.C. § 1915(g). We caution Palmer that once he accumulates three strikes, he may not proceed in forma pauperis (IFP) in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS.