IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40642
Summary Calendar
_____

RODNEY WAYNE SMITH,

                                        Plaintiff-Appellant,

versus

FRED BECKER; ET AL.,

                                        Defendants,

NORMAN E. MCCLURE; CURTIS B. MCKNIGHT;
NORA SYLVESTOR; WILLIAM VAN HOOK; JOE MOYA,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-92-CV-515
--------------------
July 9, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

Rodney Wayne Smith, Texas prisoner # 330699, appeals the jury's verdict and the conduct of his trial by the magistrate judge in this 42 U.S.C. § 1983 civil rights action. Smith argues that the magistrate judge refused him adequate pretrial discovery. Smith has not shown what specific discovery was denied or how he was harmed in presenting his case at trial. The

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

record shows that he requested certain documents which the magistrate judge ordered the defendants to produce, and those documents were produced. The record reflects that the magistrate judge did not abuse his discretion in his discovery rulings. Richardson v. Henry, 902 F.2d 414, 417 (5th Cir. 1990).

Smith argues that the magistrate judge erred in not appointing him counsel. He has also filed a motion for appointment of counsel on appeal in this court. There are no exceptional circumstances in this case. The facts of this case are not complex. The defendants denied Smith's claims that he was searched as Smith described and denied that the disciplinary charges brought against him were false. Smith demonstrated the ability to prosecute the case himself through his numerous clearly-written pleadings in the district court. There is nothing in the record which suggests that Smith was unable to inform the jury of his version of events. He offered and had admitted 18 of his 21 exhibits and cross-examined all witnesses. The magistrate judge did not abuse its discretion in denying Smith's motion  for appointment of counsel, and his motion on appeal IS DENIED. Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982).

Smith argues that the district court was required to issue an order clarifying what amount Smith owed, since he was the prevailing party on the initial appeal of this matter. He argues that he should not be taxed costs for pursuing a non-frivolous appeal. The alleged failure of the magistrate judge to issue such an order regarding Smith's IFP status in his previous appeal

is not a matter for consideration by this court now in this appeal involving the subsequent trial and jury verdict.

Smith argues that the magistrate judge made comments on the weight of the evidence by suggesting to the jury that he needed little if any monetary compensation. Smith contends that the magistrate judge gave the jury the appearance of partiality with disruptions of Smith's cross-examination and "suggestions" that Smith illegally obtained material to make African Medallions. Smith states that the magistrate judge refused to admit relevant evidence regarding his institutional grievances and testimony by another inmate, James Stephens, concerning his stay in transit status with Smith.

Review of the trial errors alleged by Smith depends on a trial transcript. Smith has failed to provide a transcript. Fed. R. App. P. 10(b); Powell v. Estelle, 959 F.2d 22, 26 (5th Cir. 1992). The record as it stands shows that Smith was afforded all the opportunities at trial as required under due process.

As for Smith's contention that the magistrate judge should have entered a jury charge regarding malicious prosecution, malicious prosecution was not a part of the trial. This court, in remanding this matter, specifically held that the matters left for consideration were retaliation and the appropriateness of strip and body-cavity searches.

The nature of Smith's motion for recusal was a simple misunderstanding concerning the magistrate judge's possession of some documents filed by Smith. This discrepancy was immediately

corrected by the magistrate judge, and Smith was not prejudiced at trial.  There is no evidence in the record that suggests partiality by the magistrate judge in this matter.  Although Smith argues that the magistrate judge showed partiality at the trial, he never alleges that he moved for recusal during the trial.

Smith argues that the magistrate judge erred in denying his motion for partial summary judgment on his claims regarding the strip-body-cavity search and malicious prosecution, which the defendants did not oppose.  Smith's motion was based on his contention that he was entitled to a judgment as a matter of law on the issues of the alleged unconstitutional search and malicious prosecution.  Malicious prosecution was not an issue before the magistrate judge after this court's opinion remanding for further proceedings.  As Smith states in his brief, the defendants' position was that Smith had never been subjected to a body cavity search by any of the defendants.  Whether the search occurred at all is a material factual issue requiring a trial.

Smith argues that the credible evidence was insufficient to support the jury verdict.  The jury found that the defendants did not retaliate against Smith.  Smith's assertions are in the nature of an attempt to challenge the credibility decisions made by the jury.  This court will not disturb credibility determinations on appeal.  See Williams v. Fab-Con, Inc., 990 F.2d 228, 230 (5th Cir. 1993) (this court defers to the trier of fact if factual determinations are based upon credibility determinations).  "An appellate court is in no position to weigh

conflicting evidence and inferences or to determine the credibility of witnesses; that function is within the province of the finder of fact."  <u>Martin v. Thomas</u>, 973 F.2d 449, 453 n.3 (5th Cir. 1992) (internal quotation and citation omitted).

AFFIRMED; MOTION DENIED.