United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 02-20651
Summary Calendar

———————————————

EMILIO SANCHEZ DURAN

                    Plaintiff - Appellant

     v.

SHERIFF OF HARRIS COUNTY JAIL; D DEBAKER,
Deputy, Individually and in his Official
Capacity; HERMAN HOFFSCHNEIDER, Deputy,
Individually and in his Official Capacity,

                    Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-249
--------------------

Before KING, Chief Judge, and SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Emilio Sanchez Duran, federal prisoner # 83360-079, appeals

the summary-judgment dismissal of his 42 U.S.C. § 1983 action

against Harris County, Texas, Sheriff's Deputies Hoffschneider

and DeBaker in their individual capacities.

     As an initial matter, although the court noted that Duran

had not exhausted his administrative remedies, it declined to

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

dismiss on that basis because it was unclear whether administrative remedies remain available and because the defendants did not raise the issue of exhaustion. Under 42 U.S.C. § 1997e (West Supp. 1998),

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

"[T]he exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 517, 532 (2002). Duran was therefore required to exhaust his administrative remedies because exhaustion is mandatory. See Booth v. Churner, 532 U.S. 731, 739 (2001); Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir. 2002). On remand, the district court should reconsider the exhaustion question under 42 U.S.C. § 1997e(a) and determine what administrative remedies were available to Duran following the incident and whether he exhausted those remedies before filing suit, or whether the defendants waived compliance with the exhaustion requirement by failing to raise it.

Duran argues that the district court erred in granting summary judgment to Deputies Hoffschneider and DeBaker in their individual capacities. The district court found that the extent of Duran's injury, or at least the lack of any physical signs of

injury, did not "support a finding that Duran was savagely assaulted in the manner he describes" and did not establish a genuine issue of whether he suffered a cognizable injury.  An evaluation of the evidence in the light most favorable to Duran does not support this finding and the district court impermissibly weighed the evidence in making its determination. See Union Pac. Res. Group, Inc. v. Rhone-Poulenc, Inc., 247 F.3d 574, 584 (5th Cir. 2001); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

There are genuine issues of material fact with regard to whether Hoffschneider used force that was excessive, whether DeBaker observed an unconstitutional assault and failed to intervene to stop it, and whether Duran suffered a cognizable injury.  See Williams v. Bramer, 180 F.3d 699, 703, clarified, 186 F.3d 633, 634 (5th Cir. 1999);  Hale v. Townley, 45 F.3d 914, 919 (5th Cir. 1995); Hudson v. McMillian, 962 F.2d 522, 523 (5th Cir. 1992).  Accordingly, the summary judgment in favor of those defendants in their individual capacities is VACATED and this case is REMANDED for further proceedings.

Duran makes no argument that the district court erred in granting summary judgment to Hoffschneider and DeBaker in their official capacities or in dismissing the claims against the Sheriff.  This part of the judgment is AFFIRMED.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.