United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 29, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-21037
Summary Calendar

_____

MATTHEW WATSON,

Plaintiff-Appellant,

versus

GARY JOHNSON; JOSHUA MILES; BRENDA CHANEY,

Defendants-Appellees.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
(H-02-CV-67 )
--------------------

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Matthew Watson, Texas prisoner # 522991, appeals the dismissal as frivolous of his 42 U.S.C. § 1983 lawsuit. He renews his claim that prison guard Joshua Miles used excessive force against him, and that Director Gary Johnson and Head Warden Brenda Chaney are liable for Miles's conduct. We review the dismissal of Watson's 42 U.S.C. § 1983 complaint for an abuse of discretion. See Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishment Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). Five nonexclusive factors are considered in determining whether an excessive force claim has been established: "1. the extent of the injury suffered; 2. the need for the application of force; 3. the relationship between the need and the amount of force used; 4. the threat reasonably perceived by the responsible officials; and 5. any efforts made to temper the severity of a forceful response." Hudson v. McMillian, 962 F.2d 522, 523 (5th Cir. 1992).

Viewing the events recited by Watson against these factors, it cannot be said that the district court abused its discretion in dismissing Watson's complaint. See id.; Berry, 192 F.3d at 507. Because Watson's claims against the prison director and warden similarly fail, the district court's judgment is AFFIRMED. See Stewart v. Murphy, 174 F.3d 530, 536 (5th Cir. 1999).

The district court's dismissal of Watson's complaint counts as a "strike" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Watson is CAUTIONED that if he accumulates three strikes, he will be barred from proceeding in forma pauperis in any civil action or appeal filed

while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

AFFIRMED; THREE-STRIKES WARNING ISSUED.