# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
September 10, 2014

Lyle W. Cayce
Clerk

No. 13-60526

DAVID CURTIS JOHNSON,

Plaintiff-Appellee

v.

TORI HANKINS; JAMES CLARK; FELIX NORWOOD

Defendants-Appellants

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:08-CV-632

Before STEWART, Chief Judge, OWEN, Circuit Judge, and MORGAN, District Judge.*

PER CURIAM:**

Plaintiff—Appellee David Curtis Johnson, an inmate in the custody of the Mississippi Department of Corrections, sued Defendants—Appellants Tori Hankins, James Clark, and Felix Norwood, former prison guards, for use of excessive force. After a trial at which Johnson represented himself, the jury awarded him $15,000 in compensatory damages. Defendants now

---

* District Judge of the Eastern District of Louisiana, sitting by designation.
**Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal from the district court's order denying their motion for judgment as a matter of law. We review denial of a motion for judgment as a matter of law de novo, deferring to the verdict and viewing all the evidence and drawing all reasonable inferences in the light most favorable to the verdict. *See E. Tex. Med. Ctr. Reg'l Healthcare Sys. v. Lexington Ins. Co.*, 575 F.3d 520, 525 (5th Cir. 2009).

We affirm for the reasons articulated by the district court in denying defendants' motions for post-trial relief. The testimony of Johnson and his witness establishes that (1) defendants injured Johnson, (2) the injury was physical, (3) the injury was more than de minimis, and (4) the use of force was excessive under the circumstances. The jury was not required to believe Hankins or Norwood[1] over Johnson, who the district court noted was "immensely credible." This case is distinguishable from our unpublished decision in *Wilburn v. Shane*, which affirmed a grant of summary judgment based on inconsistencies between the plaintiff's allegations of "severe injuries" and his medical records—an issue not present in this case. *See* 193 F. 3d 517, at *1 (5th Cir. 1999) (Table opinion). The district court correctly denied the motion for judgment as a matter of law.

We also affirm the jury's award of $15,000 in compensatory damages for Johnson's mental pain and suffering. 42 U.S.C. § 1997e(e) provides that no prisoner may recover for mental or emotional injury suffered while in custody without a prior showing of physical injury. The district court instructed the jury appropriately that:

> In order to prove a violation under the Eighth Amendment in this case, therefore, the plaintiff must prove each of the following two elements by a preponderance of the evidence: First, that the defendants used force against the plaintiff

---

[1] Clark did not appear at trial.

> maliciously and sadistically for the very purpose of causing plaintiff harm; and, two, that plaintiff suffered some harm as a result of defendants' use of force. If the plaintiff fails to prove either of these elements, you must find for the defendants.

*Johnson v. Hankins*, No. 3:08-cv-632-CWR-FKB, 2013 WL 3289034, at *3 (S.D Miss. June 28, 2013). A jury is presumed to follow its instructions. *Wellogix, Inc. v. Accenture, L.L.P.*, 716 F.3d 867, 876 (5th Cir. 2013).

Johnson and the eyewitness to the incident testified that the defendants dealt Johnson multiple physical blows, stomping him and kicking him in the buttocks and his side, and that he had bruises on multiple parts of his body and was limping after the attack. According to the eyewitness, the defendants continued to beat Johnson as he fell to, and lay curled on, the prison floor. The jury found that "Plaintiff sustained injuries as a result of being subjected to cruel and unusual punishment," by checking "YES" on the jury verdict form. It is clear that the jury found that Johnson suffered a physical injury before awarding damages for mental or emotional injury.

The record supports the amount of the award for past mental pain and suffering. Some degree of mental pain and suffering can reasonably be expected to accompany an unprovoked beating that results in bruising and aggravation of a preexisting leg injury. No additional specific evidence of a mental injury was required; although defendants rely on *Carey v. Piphus* and *Brady v. Fort Bend County*, those cases did not discuss damages for mental or emotional distress accompanying a physical injury. *See Carey*, 435 U.S. 247, 264 & n.20 (1978) (discussing requisite proof of emotional injury caused by denial of procedural due process); *Brady*, 145 F.3d 691, 718-19 (5th Cir. 1998) (discussing requisite proof of emotional injury caused by job loss).

The judgment of the district court is AFFIRMED.