# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30733
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 6, 2015

Lyle W. Cayce
Clerk

RAY J. BENOIT, JR.,

      Plaintiff - Appellee

v.

JEFF BORDELON, Deputy,

      Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CV-1463

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

HIGGINSON, Circuit Judge:*

Defendant-Appellant Jeff Bordelon appeals from a judgment entered following a bench trial during which a magistrate judge found that Bordelon used excessive force against Plaintiff-Appellee Ray Benoit, Jr. and awarded Benoit $15,000 in compensatory damages. Finding no clear error, we AFFIRM.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30733

## FACTS AND PROCEEDINGS

On May 24, 2012, Benoit filed a pro se complaint alleging a violation of 42 U.S.C. § 1983 stemming from an incident that occurred in the Lafourche Parish Detention Center on February 2, 2012.  Benoit, then an inmate, alleged that he was called out of his cellblock by Deputy Neil Ledet and Deputy Bordelon, and was handcuffed and shackled.  According to the complaint, Bordelon then grabbed Benoit by the collar, threw Benoit to the floor, put his knee to Benoit's lower back, pulled Benoit's head back, and choked Benoit. Benoit asserted that, during the incident, he was handcuffed and shackled and was not resisting.  Benoit named as defendants Bordelon, Ledet (for not acting to stop Bordelon), and Sheriff Craig Webre.  Benoit's complaint alleged back pain following the incident.

The parties consented to trial before a magistrate judge, and the bench trial took place on June 12, 2013.  Four witnesses testified.  First, Benoit testified that, at the time of the incident, he was in an open dorm.  Thinking Benoit had caused a disturbance, Ledet called out Benoit's name, and Benoit walked out the cell door and put his hands on the wall.  Deputy Bordelon grabbed Benoit's wrist, and Ledet shackled Benoit's hands and feet.  Benoit testified that, when he turned to walk down the hall as instructed by Ledet, Bordelon yanked him down on the floor, turned him on his stomach, and choked him until he passed out.  Benoit testified that he experienced no injuries initially but began spitting up blood and had a swollen throat on the day after the incident.  Benoit also testified that, although his throat problems lasted only a few days, he has had back problems since the incident.  Benoit was subsequently written up for inciting a riot.

Second, Jeremy Schouest, who was an inmate in the same cell block as Benoit, testified by telephone.  Schouest testified that he saw Bordelon choke

2

No. 13-30733

Benoit and throw Benoit on the ground while Benoit was handcuffed and shackled, and that Benoit convulsed and blacked out.

Next, Ledet, who taught defense tactics to new cadets and officers, and Bordelon, who certified other officers to become trainers in defense tactics, testified that Benoit was ordered out of the cell block after creating a verbal disturbance. Ledet and Bordelon testified that Benoit put his hands against the wall as his legs were shackled. Benoit removed one of his hands from the wall to talk to Ledet; Bordelon grabbed Benoit's wrist and put it back on the wall, and Ledet handcuffed Benoit. Ledet testified that Benoit was upset and continued to resist after he was handcuffed and shackled. Further, Ledet and Bordelon testified that Benoit cursed at Bordelon to let go of his hand. According to Ledet and Bordelon, Benoit then lifted his elbow back towards Bordelon, and Bordelon took Benoit to the ground. Ledet testified that Bordelon ordered Benoit to turn on his stomach and Bordelon flipped Benoit over, but Benoit instead got to his knees. Ledet and Bordelon testified that they were afraid Benoit would cause harm to the officers, so Bordelon used a "tactical jaw restraint" to cause Benoit to lie flat on his stomach. After Benoit was subdued, Ledet and Bordelon testified that Benoit appeared to have a seizure, which both officers considered fake. Ledet and Bordelon testified that they immediately escorted Benoit to the medical area, and Ledet testified that Benoit did not complain of any injuries immediately after the incident.

The magistrate judge also considered three exhibits: 1) a grievance filed by Benoit regarding the incident; 2) grievances regarding medical attention indicating that Benoit was diagnosed with a mild lumbar strain and mild degenerative changes in his back; and 3) a jail incident report written by Ledet.

After hearing the testimony and reviewing the evidence, the magistrate judge found that Bordelon used excessive force in choking Benoit because Benoit was handcuffed and shackled at the time and Bordelon had his hands

3

No. 13-30733

on Benoit's hands.[1]    The magistrate judge awarded Benoit $15,000 as compensatory damages for "general pain and suffering."    Bordelon timely appealed.

## DISCUSSION

### I.

This court generally reviews bench trial findings of fact, including a court's ruling on excessive use of force, for clear error. *Baldwin v. Stalder*, 137 F.3d 836, 839 (5th Cir. 1998).    Appellant argues that the magistrate judge's factual findings should be subject to de novo review, a departure from the general rule.    "Findings of fact influenced by an erroneous view of the law are entitled to no deference."    *United States v. McFerrin*, 570 F.3d 672, 675 (5th Cir. 2009) (internal quotation marks and citation omitted).    In this case, says appellant, deference is not warranted because the magistrate judge failed to consider all of the five factors announced by the Supreme Court to assist courts in determining whether force was applied maliciously and sadistically.    *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992).    We disagree that the magistrate judge's factual findings were influenced by an erroneous view of the law.

A § 1983 excessive force claim alleges a violation of constitutional rights. *See Baldwin*, 137 F.3d at 839.[2]    The core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."    *Hudson*, 503 U.S. at 7 (internal quotation

---

[1] The magistrate judge dismissed the claims against defendant Ledet because the incident happened too quickly for Ledet to have had a realistic opportunity to intervene. The magistrate judge dismissed the claim against Webre because a sheriff cannot be held vicariously liable.  Benoit has not appealed either of these judgments.

[2] At the time of the incident, Benoit appears to have already been prosecuted and convicted.  An excessive force claim brought by a convicted inmate lies under the Eighth Amendment, while that of a pre-trial detainee lies under the Fourteenth Amendment.  *See United States v. Daniels*, 281 F.3d 168, 178–79 (5th Cir. 2002).  An excessive force claim is examined under the same standard regardless of the constitutional provision under which the claim arises.  *Id.* at 179.

4

No. 13-30733

marks and citations omitted).  An excessive force claim involves both objective and subjective elements.  *See id.* at 8.  Five *Hudson* factors assist courts in determining the core question of whether force was applied maliciously or sadistically.  The factors are: "1. the extent of the injury suffered; 2. the need for the application of force; 3. the relationship between the need and the amount of force used; 4. the threat reasonably perceived by the responsible officials; and 5. any efforts made to temper the severity of a forceful response." *Baldwin*, 137 F.3d at 839 (citing *Hudson v. McMillian*, 962 F.2d 522, 523 (5th Cir. 1992)).

The magistrate judge correctly stated the law, as evidenced by her statements and case citations, including page references to *Hudson*, on the record.  The magistrate judge then addressed most of the *Hudson* factors in determining that Bordelon used excessive force.  She explicitly noted that the extent of the injury was a factor, and found that Benoit suffered more than a de minimis physical injury.  The magistrate judge also mentioned the "need for force" factor and found that force was not needed because Benoit's hands and feet were shackled.  She noted the degree of force exerted and concluded that the force used was excessive to the threat at the time.  She also noted the fourth factor—the threat reasonably perceived by the officer—and concluded that there was not "a threat from Mr. Benoit that was justified in taking him down to the ground."  The magistrate judge did not note or explicitly consider the fifth factor.

The magistrate judge's failure to explicitly discuss all five factors does not constitute an erroneous view of the law that warrants de novo review of her factual findings.  This court has recognized that "these identified factors are not exclusive; each case must be judged on its own facts." *Id.*  We have also indicated that consideration of all five factors is not mandatory.  *See McCreary v. Massey*, 366 F. App'x 516, 518 (5th Cir. 2010) ("A court *may* consider" the

5

No. 13-30733

*Hudson* factors (emphasis added)).   Further, in support of his standard of review argument, appellant cites only unpublished cases that do not warrant the conclusion that the magistrate judge erred by not explicitly considering all five *Hudson* factors.   In *Martin v. Seal*, 510 F. App'x 309, 312–13 (5th Cir. 2013), this court found that the district court erred when it considered only one of five *Hudson* factors despite evidence relating to the other four factors.   *See also Crawford v. Lynaugh*, No. 93-2010, 1993 WL 391367, at *3 (5th Cir. Sept. 20, 1993) (finding that the district court abused its discretion when it considered only one *Hudson* factor).   In *Jones v. Primrose*, 176 F. App'x 518, 519–20 (5th Cir. 2006), this court found that a magistrate judge erred when it did not analyze *any* of the *Hudson* factors.   In contrast, here, the magistrate judge acknowledged all but one of the *Hudson* factors, and considered most factors in reaching her decision.   We therefore review the magistrate judge's findings for clear error.

## II.

While different factfinders could reach different conclusions, the evidence is not such that the magistrate judge clearly erred in finding that Bordelon used excessive force against Benoit.   Although Bordelon argues that there was a need to use force, the magistrate judge, hearing firsthand the sharply disputed testimony, concluded that the fact that Benoit's hands and legs were shackled, along with Deputy Ledet's testimony that Benoit was a calm, non-violent inmate, made the use of force unnecessary.   The magistrate judge credited the testimony of Benoit and Schouest—who recounted that Bordelon choked Benoit—over the testimony of Bordelon and Ledet, who said that Bordelon used only a tactical jaw restraint.   This is a credibility determination, and this court is not in a position to disturb credibility determinations on appeal.   *See Williams v. Fab-Con, Inc.*, 990 F.2d 228, 232

No. 13-30733

(5th Cir. 1993) (noting this court's "great deference toward [a lower court's] credibility determinations").[3]

## III.

We also review for clear error the finding that Benoit's injuries were more than de minimis. "[T]o support an Eighth Amendment excessive force claim a prisoner must have suffered from the excessive force a more than *de minimis* physical injury, but there is no categorical requirement that the physical injury be significant, serious, or more than minor." *Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir. 1999). There was testimony that that Benoit suffered two injuries: 1) a throat injury that lasted several days; and 2) long-term back pain. The magistrate judge found that Benoit suffered a more than *de minimis* injury.

First, the throat injury. Appellant challenges this injury as too fleeting to be more than de minimis and uncorroborated by medical records. The level of injury required to "establish a constitutional violation is directly related to the amount of force that is constitutionally permissible under the circumstances." *Williams v. Bramer*, 180 F.3d 699, 704 (5th Cir. 1999) (internal quotation marks and citation omitted). Where, as here, the magistrate judge finds the use of force unnecessary, the extent of injury needed to exceed the de minimis level is low. *See Payne v. Parnell*, 246 F. App'x 884, 889 (5th Cir. 2007) (holding that the level of injury necessary to rise to a constitutional violation is lower when no use of force was necessary). Here, the magistrate judge found credible Benoit's testimony that Bordelon choked him. The magistrate judge also found that the use of force was not necessary because Benoit was already shackled. In *Williams v. Bramer*, this court held

---

[3] The magistrate judge specifically acknowledged that Benoit and Schouest had not spoken to each other or reviewed the facts before presenting consistent accounts of the incident at trial.

that injuries resulting from a choking incident—fleeting dizziness, loss of breath, and coughing—qualified as a cognizable injury despite their short duration because the defendant was not legitimately exercising force in the performance of his duties as an officer. 180 F.3d at 704. Here, Benoit testified under oath that he spit up blood for three days, a longer period than that in *Williams*. *See Payne*, 246 F. App'x at 888–89 (finding that application of a cattle prod that caused an immediate sensation of pain and left a mark on the inmate's back was more than a de minimis injury). That Benoit did not provide medical records of his throat injury is not fatal to his claim. *See Beck v. Alford*, No. 93-4946, 1994 WL 442383, at *1 (5th Cir. July 27, 1994) (holding that there is no "requirement that injury is necessarily *de minimis* unless there is some objective medical evidence supporting its existence"); *Grimon v. Collins*, No. 94-40156, 1994 WL 398014, at *1 (5th Cir. July 18, 1994) (holding that plaintiff's sworn testimony was sufficient to create an issue of material fact despite no supporting medical evidence). Benoit's post-incident grievance report is consistent with his testimony, stating that he was spitting blood for two days and that his throat was sore and bruised. It was not clearly erroneous for the magistrate judge to find that Benoit suffered a throat injury.

Second, the back injury. Benoit testified that he never had back problems until the incident occurred. He testified that he needs to take painkillers in order to get out of bed. At trial, over a year after the incident, Benoit testified that he had a lump on his back, his back still hurt, and that he could not get a job because of back pain. The administrative comments on Benoit's medical grievances corroborate Benoit's back problems. They show a diagnosis of a lumbar strain, though x-rays displayed only degenerative changes. It was not clear error for the magistrate to determine that Benoit suffered a back injury as a result of the incident and that the injury, which persisted at least a year, was more than de minimis.

No. 13-30733

**IV.**

Finally, Bordelon challenges the $15,000 damage award as excessive. We will uphold compensatory damages awarded under § 1983 "unless the amount is clearly erroneous or so gross or inadequate as to be contrary to right reason." *Sockwell v. Phelps*, 20 F.3d 187, 192 (5th Cir. 1994). "[A] trial court has wide discretion in awarding damages." *Wheat v. United States*, 860 F.2d 1256, 1259 (5th Cir. 1988). "Physical injury, pain and suffering, personal humiliation, mental distress, and embarrassment" are all compensable under § 1983. *Jones v. Conner*, No. 99-60828, 200 WL 1468688, at *1 (5th Cir. Aug. 13, 2000). Based on the evidence, the damage award here was not clearly erroneous or clearly excessive. *See Johnson v. Hankins*, 582 F. App'x 306 (5th Cir. 2014) (affirming $15,000 in compensatory damages for excessive force); *Bauer v. Norris*, 713 F.2d 408, 410, 414 (8th Cir. 1983) (upholding damage award of $7,500 each to two plaintiffs whose arms were pulled and hands were tightly handcuffed).

**CONCLUSION**

For the foregoing reasons, we AFFIRM the judgment below.