NO. 07-06-0131-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 14, 2006
_____

MICHAEL LOU GARRETT,

Appellant

v.

JACK M. BORDEN, et al.,

Appellees
_____

FROM THE 47th DISTRICT COURT OF POTTER COUNTY;

NO. 94,198-A; HON. HAL MINER, PRESIDING
_____

***Opinion***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Michael Lou Garrett, an inmate, appeals from an order dismissing his *pro se* petition filed against Jack M. Borden, James C. Rogers, Mark A. Gallegos, John W. Bennett, Jeffrey D. Castillo, Tammy R. Williams, Ronald W. Clark, Jr., John Doe #1 (a/k/a Officer Tollison), John Doe #2, John Doe #3, Jane Doe, J. Sells, Bobby W. Stubblefield, Richard Phillips, Timothy Burge, Dennis Rhoten, Fred C. Early, Joe A. Grimes, Joe S. Nunn, Linda Richey, Kelli Ward, Jamie L. Baker, and R. Cooper, all of whom allegedly were employees

or agents of the Department of Criminal Justice. His sole issue concerns whether the trial court erred in concluding that his pleading failed to state a cause of action.[1] We reverse.

In its order of dismissal, the trial court determined that dismissal was warranted because "Garrett's pleadings fail[ed] to state a cause of action." No other grounds for dismissal were mentioned. Nor does the appellate record contain evidence of a motion filed by any defendant that proposed grounds for dismissal.

We note that in complaining about the defendants named in his petition, Garrett described incidents where they (as guards or other employees of the Texas prison to which he was assigned) 1) "slap[ped] [him] on the sides and back of his head and . . . kick[ed] him on the back of his legs and thighs" and 2) "slammed [him] onto the concrete sidewalk" and while holding him on the ground "punched [him] in his ribs, back and chest . . . [and] pressed the left side of [his] head and upper jaw into the concrete . . . ." These assaults, according to Garrett, were unprovoked and occurred in retaliation for his filing one or more grievances against prison employees. Furthermore, they purportedly resulted in bruising of his ribs, back, chest, "severe swelling and abrasion on his upper jaw," severe pain, headaches, dizziness, nausea and "unsteadiness." The pain, headaches, and dizziness continued for at least one month before he was taken to a doctor for treatment. These allegations suffice to state a cause of action founded upon the unlawful use of excessive force. *See Luciano v. Galindo*, 944 F.2d 261, 263 (5th Cir. 1991) (specifying the elements of a claim involving the use of excessive force as 1) a significant injury 2) resulting from the use of force, 3) which force was not only excessive but also clearly and objectively

---

[1]None of the appellees favored this court with a brief responding to Garrett's point of error.

unreasonable, and 4) the action constituted an unnecessary and wanton infliction of pain); *see also Hale v. Townley*, 45 F.3d 914, 918 (5ᵗʰ Cir. 1995) (stating that bleeding and swelling have been deemed significant injuries when intentionally inflicted in an unprovoked and vindictive attack).

We further note that Garrett alleged that he was also held in detention for three days without receiving any food or water. Continuously being denied food and water "presents a set of facts that may entitle [a prisoner] to relief." *Cooper v. Sheriff, Lubbock County*, 929 F.2d 1078, 1083 (5ᵗʰ Cir. 1991). So, this allegation also states a cause of action.

In sum, while some of Garrett's other allegations may not state a cause of action, we cannot say that he failed to state any cause of action in his live pleading. Because the trial court held otherwise, it erred, and the error was harmful given that it resulted in the dismissal of the suit.[2]

Accordingly, the judgment is reversed and the cause remanded to the trial court.

Brian Quinn
Chief Justice

---

[2]We do not address whether the trial court had any other basis upon which to dismiss the cause. None were mentioned by the trial court or any litigant. Nor do we suggest that Garrett should recover upon his claims. Instead, we simply note that he asserted one or more legally recognized causes of action.

3