

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-13-00007-CV

_____

RICHARD JAMES JOHNSON, APPELLANT

V.

M. VENABLE, SGT., INDIVIDUAL CAPACITY, D. OWENS, CO5,
INDIVIDUAL CAPACITY, J. DRAPER, CO4, INDIVIDUAL CAPACITY,
F. MARTINEZ, CO5, INDIVIDUAL CAPACITY, M. MAES, SGT.,
INDIVIDUAL CAPACITY, PHD OVERFLOW PROCEDURE, W.P.
CLEMENTS PHD LEVELING PROCEDURE, W.P. CLEMENTS FOOD LOAF
PROCEDURE, TDCJ OFFICERS RICHARD ROE, ET AL., INDIVIDUAL CAPACITYS,
APPELLEES

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 101,022-E, Honorable Douglas Woodburn, Presiding

May 31, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Richard James Johnson (Johnson) appeals from an order dismissing his lawsuit.

Through five issues, Johnson contends that 1) the trial court erred by dismissing his suit

for failing to state a cause of action, and 2) a violation of the "'Texas Theft Liability Act,'"

due process violations and cruel and unusual punishment are all causes of action. We reverse and remand.

## Background

Johnson filed suit alleging that the named defendants had retaliated against him for filing grievances. He further alleged personal property was taken from him that either never was returned or returned damaged and useless. The trial court dismissed his suit because of Johnson's "failure to state a cause of action." Johnson filed this appeal, and the State did not favor us with a brief.

## Analysis

Inmates *in forma pauperis* lawsuits are governed by Chapter 14 of the Texas Civil Practice & Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 14.001-.014 (West 2002). The chapter provides several grounds on which a court may dismiss such actions. *See id.* § 14.003. The ground mentioned by the trial court involved Johnson's purported failure to state a cause of action in his live pleading. That is, the trial court viewed the suit as frivolous and lacked an arguable basis in the law. *See id.* § 14.003(a), (b); *Retzlaff v. Tex. Dept. of Crim. J.*, 94 S.W.3d 650, 653 (Tex. App.–Houston [14th Dist.] 2002, pet. denied) (stating that, if, without an evidentiary hearing, a trial court dismisses a claim as frivolous under section 14.003 of the Texas Civil Practice and Remedies Code, then the dismissal can be affirmed on appeal only if the claim has no arguable basis in law). Furthermore, the ruling was made prior to service of process and without conducting an evidentiary hearing.

For a claim to lack an arguable basis in law, it must involve "an indisputably meritless legal theory," or encompass wholly incredible or irrational factual allegations. *Gill v. Boyd Distrib. Ctr.*, 64 S.W.3d 601, 603 (Tex. App.–Texarkana 2001, pet denied)

2

(quoting *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), and citing *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L.Ed.2d 340 (1992)).  It is not enough for the trial court to merely consider the chances of the plaintiff's success as "unlikely."  *Gill,* 64 S.W.3d at 604 (quoting *Denton,* 504 U.S. at 33, 112 S.Ct. 1728).  Also, the pertinent standard of review is *de novo.*  *Retzlaff*, 94 S.W.3d at 653.  Finally, a pro se inmate's petition should be read with liberality and patience for it is not held to the stringent standards applicable to writings crafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n.7, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)); *Black v. Jackson*, 82 S.W.3d 44, 51 (Tex. App.–Tyler 2002, no pet.); *Aguilar v. Stone*, 68 S.W.3d 1, 1-2 (Tex. App.–Houston [1st Dist.] 1997, no pet.).

With the foregoing in mind, we note that one of Johnson's causes of action concerns the purported violation of the Theft Liability Act by several of the named defendants.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 134.001 (West 2011) (the Texas Theft Liability Act).  According to the Act, "[a] person who commits theft is liable for the damages resulting from the theft." *Id.* § 134.003(a).  It further details the damages recoverable by the victim.  *Id.* § 134.005.

Johnson alleged in his petition that defendants Draper and Martinez removed all of his personal property from his cell, which property included a fan that was never returned and a typewriter that was severely damaged.  So too does he aver that defendants Mitchell and Studer removed a radio with headphones, a hot pot and a book from his cell, which items were never returned to him.  Defendants Venable and Owens also violated the Theft Liability Act by entering his cell and removing several photos, magazines, gym shorts, set of dominos and checkers, toiletry items, food and other

3

items without justification and failed to return them, according to Johnson. In construing these allegations liberally, we conclude that they assert an arguable cause of action. *Minix v. Gonzales*, 162 S.W.3d 635, 638 (Tex. App.–Houston [14th Dist.] 2005, no pet.) (holding that the inmate pled a viable cause of action under the Theft Liability Act against prison employees for taking property from his cell when the employees were sued in their individual capacities). Therefore, the trial court erred in dismissing Johnson's suit in its entirety, and the error was harmful. *See Garrett v. Borden,* 202 S.W.3d 463, 465 (Tex. App.–Amarillo 2006, no pet.) (holding the error harmful because it resulted in the dismissal of the suit).[1]

Accordingly, the judgment is reversed and the cause remanded to the trial court.


Brian Quinn
Chief Justice

---

[1]We do not address whether the trial court had any other basis upon which to dismiss the cause. None were mentioned by the court. Nor do we suggest that Johnson should recover upon his claims. We simply hold that he asserted at least one legally cognizable cause of action that effectively barred the trial court from dismissing the suit in its entirety.